## In the Matter of the Discipline of Charles LACEY as an Attorney at Law.

### No. 12249.

Supreme Court of South Dakota.

Sept. 5, 1979.

R. James Zieser, Tyndall, for complainant State Bar Grievance Committee.

George W. Manolis, of Churchill, Manolis, Wheeler & Freeman, Huron, for respondent Lacey.

Charles Lacey, pro se.

WOLLMAN, Chief Justice.

This is a disciplinary action brought against Charles Lacey (respondent) based upon a complaint filed by the Grievance Committee (now the Disciplinary Board) of the State Bar. The Honorable Pat McKeever, one of the judges of the Sixth Judicial Circuit, was appointed to sit as a referee in the matter. The complaint charged respondent with three separate instances of unprofessional conduct. The referee found, however, that two of these charges had not been established by the evidence. We accept the referee's finding with respect to these two charges and consequently will not discuss them further.

The referee found that respondent was guilty of one of the charges of professional misconduct. That finding, which we accept and adopt, relates to a certain statement made by respondent in his capacity as attor-

ney for individuals who were challenging certain actions of the Board of Education of the Beresford Independent School District.

Respondent has for a number of years represented a group of taxpayers residing within the Beresford Independent School District. See *Blumer v. Sch. Bd. of Beresford Ind. S. D.*, 250 N.W.2d 282 (S.D.1977); *Blumer v. School Bd. of Beresford, Etc.*, 89 S.D. 623, 237 N.W.2d 655 (1975); *Stene v. School Bd. of Beresford Ind. Sch. Dist. No. 68*, 87 S.D. 234, 206 N.W.2d 69 (1973).

On December 2, 1976, the following article appeared in the Beresford *Republic*, a weekly newspaper published at Beresford, South Dakota:

### LACEY CONTINUES TO SUPREME COURT

Charles Lacey of Sioux Falls, attorney for Richard Stene, said he would continue his client's attempt to halt construction of the classroom building by the Beresford school board to the U.S. supreme court.

Stene's appeal was denied last week by the U.S. eighth circuit court of appeals at St. Louis, Mo.

"The state courts were incompetent and sometimes downright crooked, Judge Adams excepted," Lacey said.[1]

Stene is seeking the appeal until two cases now before the state supreme court and two more to be heard by the first judicial circuit court, all of which pertain to the building or to the capital outlay fund with which payment will be made, are decided.

Following the publication of this article, the chairman of the Grievance Committee wrote to respondent asking whether respondent had actually made the statement attributed to him in the article and, if so, what explanation he had for doing so. On December 19, 1976, respondent replied to this letter by acknowledging that he had made the statement and had authorized its publication. The letter went on to state in part:

I will admit that the words "incompetent" and "crooked" are harsh and that they have different inflections of meaning, some drastic and some relative. I will also admit that they were intended to command the attention of the complainants. My intent is that they are to be taken in a moderate, but completely earnest sense. The necessary consequences, I am willing to bear.

The substance of respondent's December 19 letter appeared in an article in the Beresford *Republic* on April 21, 1977. The concluding paragraph of the article stated:

Lacey said he has received no comment from either the courts nor the bar association since his Dec. 19 correspondence. Asked if he planned to withdraw or apologize for his statement he commented, "No."[2]

Respondent has moved to dismiss the proceeding on the ground that the statement that forms the basis of the charge of professional misconduct is privileged under the First and Fourteenth Amendments to the United States Constitution. We deny the motion.

 Although the United States Supreme Court has in recent years held that certain traditional restraints upon attorneys' rights of association and expression will no longer withstand scrutiny under the First and Fourteenth Amendments, see, e. g., *In re Primus*, 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978); *Bates v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), and *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975), not every restriction upon an attorney's freedom of expression is constitutionally barred. In *Ohralik v. Ohio State Bar Assn.*, 436 U.S. 447, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978), the Court held that

---

1. Judge Adams had ruled in favor of respondent's clients in one of the cases.

2. The article also quoted a remark by respondent that was critical of this court's refusal to grant a stay on appeal in one of the school cases. We do not interpret the remark as casting any reflection upon the integrity of the court.

the states are not prohibited by the First Amendment from proscribing in-person solicitation of clients by members of the bar. The Supreme Court of Iowa has stated that "A lawyer, acting in a professional capacity, may have some fewer rights of free speech than would a private citizen." *Matter of Frerichs*, 238 N.W.2d 764, 769 (Iowa 1976). The right of free speech does not "give a lawyer the right to openly denigrate the court in the eyes of the public." *In re Raggio*, 87 Nev. 369, 371, 487 P.2d 499, 500 (1971). In addressing a somewhat similar constitutional claim in a disciplinary proceeding, this court said:

> Courts will not exercise the power to grant or deprive a person of the privilege to practice law in such manner as to abridge the freedom of speech guaranteed by the Constitutions of the United States and this State. There is a right to criticise [sic] a lawyer or an incumbent judge who is a candidate for judicial office. There is a right to criticise [sic] a judge for his past actions in office and there is a right to comment on completed judicial proceedings. But for the right to speak freely, there is responsibility for abuse of the right. A person may have to respond in damages for libelous speech. A publication obstructive of a pending judicial proceedings may subject a person to punishment for contempt of Court. And in the case of a lawyer an abuse of the right of free speech may be some index of his character or fitness to be a lawyer.

*In re Gorsuch*, 76 S.D. 191, 198, 75 N.W.2d 644, 648 (1956).

We conclude that the statement in question was not constitutionally privileged and that in making it under the circumstances here presented respondent breached the obligations imposed upon him by law and by rule of this court.

SDCL 16–18–13 provides that "It is the duty of an attorney and counselor at law to maintain the respect due to the courts of justice and judicial officers." Canon 8 of the Code of Professional Responsibility, adopted by the State Bar of South Dakota on June 20, 1970, and approved by this court on July 21, 1970, states that "A lawyer should assist in improving the legal system." (SDCL 16–18, Appendix). Included within Canon 8 are Ethical Consideration 8–6 and Disciplinary Rule 8–102(B). The latter provides that "A lawyer shall not knowingly make false accusations against a judge or other adjudicatory officer." Ethical Consideration 8–6 provides in part that:

> Adjudicatory officials, not being wholly free to defend themselves, are entitled to receive the support of the bar against unjust criticism. While a lawyer as a citizen has a right to criticize such officials publicly, he should be certain of the merit of his complaint, use appropriate language, and avoid petty criticisms, for unrestrained and intemperate statements tend to lessen public confidence in our legal system. Criticisms motivated by reasons other than a desire to improve the legal system are not justified.

Although respondent attempts to justify the statement on the ground that it constituted legitimate, robust, justifiable criticism of the courts of this state, he must have been well aware at the time he made the statement that he could have voiced his complaints to the South Dakota Judicial Qualifications Commission, a constitutionally created forum whose duty it is to receive and investigate complaints concerning misconduct on the part of members of the judiciary. That respondent sought instead to voice his complaints in precisely the manner and forum that would most likely cast doubt upon the competence and integrity of the members of the judiciary without the slightest possibility that any constructive, remedial actions would result from those remarks belies respondent's assertions that he made the statement in good faith and in the spirit of constructive criticism.

There remains the question of the discipline to be imposed upon respondent. The referee recommended that respondent be privately reprimanded by the court or, in the alternative, that respondent be suspended indefinitely if a private reprimand would

not accomplish the purpose to be served by this proceeding. The Grievance Committee recommended outright disbarment.

Respondent has practiced law in Sioux Falls, South Dakota, since his admission to the Bar on June 18, 1929. During the period from 1944 to 1968, respondent was elected to ten terms as a member of the South Dakota House of Representatives, where he served as Chairman of the House Judiciary Committee. Respondent suffers from muscular dystrophy. By the time of the hearing in the instant action, respondent's condition had deteriorated to the point where he was required to address the court from his wheelchair.

We note, as did the court in *State v. Kirby*, 36 S.D. 188, 154 N.W. 284 (1915), that different purposes are served by contempt proceedings and disciplinary proceedings. The purpose of the latter is to remove from the profession those persons whose misconduct has proved them unfit to be entrusted with the duties and responsibilities of an attorney at law. We have before us one who has achieved the milestone of a half-century in the active practice of law, an achievement that is the occasion of special recognition at the annual meeting of the State Bar. In the twilight of his professional career and at a time when his body is racked by the ravages of an insidious, incurable disease, respondent, in his zealous advocacy of his clients' claims and out of his conviction of the rightness of their cause, has made statements that we are convinced he would not have made at an earlier stage in his career. It was manifest at the hearing before this court on the referee's report that respondent is incapable of viewing the proceeding against him in an objective light, just as he is incapable of viewing the decisions in the several Beresford School District cases in an objective light. Indeed, at the hearing on the referee's report respondent reacted angrily to his counsel's suggestion that respondent had in fact overstepped the bounds of professional propriety but that he should be dealt with leniently in view of the overall circumstances.

Respondent has refused to acknowledge his wrongdoing. His sole concession regarding the possible impropriety of his conduct was his acknowledgment before the this court that he probably would not repeat the statement complained of.

In the face of respondent's steadfast (some might call it stubborn) refusal to acknowledge the impropriety of his attack upon the competence and integrity of the members of the judiciary, the sanction of disbarment might appear to be the appropriate discipline to be imposed. We have concluded, however, that in view of respondent's disavowal of any intention to make similar statements, his long years of active, honorable practice, his service in public office, his deteriorating condition, and his limited ability to engage in the active, day-to-day practice of law because of the restrictions on his physical movement, public censure by means of this opinion is adequate discipline at this time.

The court censures respondent for the professional misconduct as found by the referee. It is ordered that respondent pay the costs of this proceeding.

MORGAN, J., and MANSON, Retired Circuit Judge, concur.

MANSON, Retired Circuit Judge, sitting for DUNN, J., disqualified.

HENDERSON and FOSHEIM, JJ., not having been members of the court at the time this matter was orally argued and deeming themselves disqualified, did not participate.