### In the Matter of the DISCIPLINE OF Patrick J. KIRBY, as an Attorney at Law.

#### No. 13835.

Supreme Court of South Dakota.

Original Proceeding

Argued Feb. 15, 1983.

Decided July 13, 1983.

Patrick J. Kirby, Mitchell, pro se.

R. James Zieser, Tyndall, for complainant Disciplinary Bd.

WOLLMAN, Justice.

On June 9, 1982, the Disciplinary Board of the State Bar (Board) filed findings of fact and proposed recommendation with respect to respondent attorney, together with respondent's proposed findings and conclusions and his objections to the Board's findings and proposed recommendation. SDCL 16–19–62.

Pursuant to SDCL 16–19–67, we directed the Board to file a formal accusation against respondent. Inasmuch as respondent failed to file an answer to the formal accusation, we deemed it unnecessary to refer the matter to a referee for the taking of testimony and the making of findings and recommendations, *see* SDCL 16–19–68, and set the matter for hearing before this court.

The formal accusation charges that respondent violated Canon 6, DR6–101(A)(3) of the South Dakota Code of Professional Responsibility,[1] in that he neglected a legal matter in connection with his representation of the heirs of Theodore Helland, deceased, for a period of in excess of three years. Further, the accusation charges that respondent violated SDCL 16–19–54[2] by failing to promptly and appropriately respond to letters sent to him by the Board with respect to a complaint filed with the Board. The accusation asks that we find respondent guilty of misconduct and that respondent be disciplined by public censure.

In the light of respondent's failure to file an answer to the accusation, we could have proceeded to render such judgment as the case required on the basis of the formal accusation. SDCL 16–19–68. We deemed it appropriate, however, to give respondent an opportunity to state his position with respect to the Board's allegations.

With respect to the Helland Estate matter, it appears that respondent completed the probate proceedings in December of 1973. In 1976, attorney John Cogley of Mitchell concluded that there was a defect in the title to the real estate inasmuch as respondent had failed to include the name of Theodore Helland's widow in the notice of probate proceedings. In December of 1977, Mr. Cogley and respondent agreed that respondent would have to re-do the probate proceedings. Respondent apparently did nothing to go forward with new probate proceedings, and on December 14, 1978, Mrs. Lillian Kelsey, one of the heirs of the Helland Estate, filed a complaint with the Board. On December 20, 1978, and again on April 24, 1979, the Board wrote to respondent requesting a response to Mrs. Kelsey's complaint. On April 30, 1979, respondent sent the Board a letter in which he set forth as a reason for his late reply his three-week absence from the United States. Further, the letter stated that respondent would "move in a continuous progression of events for concluding the matter at the earliest date."

Pursuant to the Board's direction, respondent appeared before the Board on September 7, 1979, with respect to the Kelsey complaint. On February 19, 1980, the Board advised respondent by letter that the Kelsey complaint would be dismissed if respon-

---

1.  South Dakota Code of Professional Responsibility Canon 6 provides that: "A Lawyer Should Represent a Client Competently."
    Disciplinary Rule 6–101 provides in part that:
    (A) A lawyer shall not:

      (3) Neglect a legal matter entrusted to him. SDCL 16–18, Appx.

2.  SDCL 16–19–54 provides that:

    It shall be the duty of every attorney to promptly and appropriately respond to any complaint or letter forwarded to him by any member of the disciplinary board. In the event he shall fail to do so, he may be subject to private reprimand by the disciplinary board, or, after hearing upon order to show cause, disciplined by the Supreme Court.

dent satisfactorily completed the new probate proceedings by April 15, 1980. In March of 1980, respondent stated in a letter to the Board that he had initiated new probate proceedings. On June 17, 1980, respondent advised the Board that the estate was ready for distribution. This apparently was not the case, however, for there followed further correspondence between the Board and respondent that culminated in respondent's appearing before the Board on December 3, 1981, at which time he promised to obtain title insurance in lieu of completing new probate proceedings. Respondent ultimately purchased such title insurance and apparently satisfied Mr. Cogley's objection to the title to the land in question.

Respondent was admitted to the practice of law in this state on July 28, 1966. He admitted at the hearing before us that he had made a mistake in the Helland Estate probate proceedings. Further, he admitted that he had probably not responded promptly to the Board's inquiries regarding Mrs. Kelsey's complaint. By way of mitigation and explanation, respondent advised us that he had been experiencing personal problems during at least a portion of the time in question, culminating in a divorce that ended a twenty-two year marriage.

By way of further explanation for his dilatoriness in responding to the Board's requests and conditions, respondent alluded to a personality conflict between himself and one of the members of the Board. In response to a question from the bench regarding his failure to answer the Board's inquiries, respondent replied that "[i]t must be a mental aberration," and stated that he thought that the Board was involving itself in a dispute between two lawyers over a matter of title law that had never been presented to or decided by this court.

Respondent advised us that he had closed his Mitchell law office on October 1, 1982, and had moved to Sioux Falls, where he is attempting to confine his practice to serving his former clients in the Mitchell area.

We conclude that respondent has indeed been guilty of professional misconduct. Whatever his disagreement may have been with Mr. Cogley over the alleged title defect, once having agreed to remedy the defect by completing new probate proceedings and having represented to the Board that he would complete such proceedings with dispatch, respondent was under a duty to do so. His failure to promptly remedy the title defect constituted neglect of a legal matter entrusted to him. Likewise, respondent was under a duty to respond promptly to the several inquiries that he received from the Board. SDCL 16–19–54; *In re Rude,* 88 S.D. 416, 221 N.W.2d 43 (1974).

As we have stated many times, the purpose of disciplinary proceedings is not to punish an attorney but to protect the public from further wrongdoing from an attorney. *See, e.g., In re Discipline of Rensch,* 333 N.W.2d 713 (S.D.1983); *In re Discipline of Kintz,* 315 N.W.2d 328 (S.D. 1982); *In re Looby,* 297 N.W.2d 487 (S.D. 1980); *In re Kunkle,* 88 S.D. 269, 218 N.W.2d 521 (1974), *cert. denied,* 419 U.S. 1036, 95 S.Ct. 521, 42 L.Ed.2d 312 (1974). What is appropriate discipline in any given case necessarily depends upon the seriousness of the misconduct by the attorney and the likelihood of repeated instances of similar misconduct. As we said in *In re Discipline of Kintz, supra,* "we must take such action as is necessary to protect the public from future neglect by respondent." 315 N.W.2d at 331. In *In re Walker,* 254 N.W.2d 452 (S.D.1977), our decision to permit respondent attorney to continue in the practice on a probationary basis was based in large part upon the attorney's demonstrated abstention from the use of intoxicating liquor for a substantial length of time prior to the hearing before this court.

Considering all of the circumstances, then, including the fact that there has been no showing of financial loss as a result of respondent's delay in remedying the title defect, *see In re Jaynes,* 66 S.D. 427, 285 N.W. 130 (1939), we agree with the Board's recommendation that public censure would be the appropriate discipline to be imposed upon respondent. Accordingly, pursuant to

SDCL 16–19–35(4), a judgment of public censure will be entered against respondent.

DUNN and HENDERSON, JJ., concur.

FOSHEIM, C.J., and MORGAN, J., deeming themselves disqualified, did not participate in this decision.