Arlo D. Sommervold, Sioux Falls, for respondent Schmidt.

**In the Matter of the DISCIPLINE OF Harlan A. SCHMIDT, as an Attorney at Law.**

**No. 17525.**

Supreme Court of South Dakota.

Original Proceeding

Argued Feb. 10, 1992.

Decided Oct. 28, 1992.

HENDERSON, Justice.

Respondent, Harlan A. Schmidt (Schmidt), was admitted to practice law in this state on May 15, 1977. He subsequently established his practice of law in the Spearfish area.

The facts in this case are undisputed. On March 22, 1989, Schmidt prepared an affidavit under SDCL 16–18–2, to secure an Order admitting Douglas E. Schmidt, his brother and a nonresident attorney, the right to participate in a trial. Schmidt and his brother were to associate in a trial in South Dakota. In preparing the affidavit, Schmidt omitted the requirement in SDCL 16–18–2(4), providing that the affidavit contain a statement that the nonresident attorney had not been the subject of a disciplinary action in his resident state during the preceding five years. Schmidt admits this omission. By his own admission, Schmidt was fully aware at this time that his brother had been disciplined by a six month suspension on March 20, 1987. *See, Matter*

*of Discipline of Schmidt*, 402 N.W.2d 544 (Minn.1987). This discipline occurred in Minnesota just two years prior to the filing of the affidavit in question. The affidavit, in the form of a motion by nonresident attorney requesting admission, was signed by Schmidt's brother. The affidavit was accompanied by a motion signed by Schmidt requesting admission of nonresident attorney. The affidavit and motion were the basis for an Order admitting Douglas Schmidt, nonresident attorney, to practice before the Eighth Judicial Circuit, County of Lawrence, State of South Dakota.

Schmidt did intentionally omit the affidavit, required by SDCL 16–18–2(4). He was aware of his brother's prior six month suspension in Minnesota. He was aware that SDCL 16–18–2(4) mandated that this information be included in the affidavit for admission of a nonresident attorney to participate in a trial in South Dakota. With full knowledge of this, he did intentionally omit the required statement by affidavit. Schmidt's conduct evinces an intent to disregard the statute's mandatory provision regarding prior discipline of nonresident attorney.

This conduct, in contravention of SDCL 16–18–2(4), constituted a violation of South Dakota Rules of Professional Conduct 3.3 and 8.4, to wit:

### Candor Toward the Tribunal

(a) A lawyer shall not knowingly:

(1) make a false statement of material fact or law to a tribunal;

. . . .

(d) in an ex parte proceeding, ..., a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

South Dakota Rule of Professional Conduct 3.3. We cannot over emphasize the importance of attorneys in this state being absolutely fair with the Court. Every court in this state has the right to rely upon an attorney to assist it in ascertaining the truth of the case before it. Therefore, candor and fairness should characterize the conduct of an attorney at the beginning, during, and at the close of litigation. *See,* H. Drinker, Legal Ethics 74 (1953).

### Misconduct

It is professional misconduct for a lawyer to:

. . . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice; ...

South Dakota Rule of Professional Conduct 8.4.

We believe that the present case is on all fours with a prior disciplinary case, *Matter of Discipline of Rensch,* 333 N.W.2d 713 (S.D.1983). In *Rensch,* the subject attorney was publicly censured for a misrepresentation to the trial judge regarding the status of a fee arrangement with a purportedly indigent defendant. In *Rensch,* as well as the instant case, the attorney committed an intentional misrepresentation before the court.

This Court concludes that Schmidt intentionally omitted a required affidavit concerning prior disciplinary status of a nonresident attorney, in violation of SDCL 16–18–2(4). This omission constituted a misrepresentation to the court; was essentially a false statement of material fact; and was prejudicial to the administration of justice. South Dakota Rule of Professional Conduct 3.3, 8.4. We accordingly agree with the Disciplinary Board's prayed for disposition and declare that by the publication of this decision the respondent, Harlan A. Schmidt, is hereby publicly censured. SDCL 16–19–35(4). In so doing, we note that respondent's brief, signed by respondent, contains this declaration: "Although I now believe I should have strictly complied with SDCL 16–18–2, I didn't at that time believe that SDCL 16–18–2 was mandatory, in whole or in part, or that strict compliance was necessary." This Court regards Rule 90–7, now codified as SDCL 16–18–2, in its entirety, to be mandatory and

every attorney in the state of South Dakota must comply therewith.

We note (1) Circuit Judge Steven L. Zinter, appointed as Referee by this Court, entered Findings of Fact and Conclusions of Law, the latter concluding and recommending public censure (2) Disciplinary Board of the State Bar of South Dakota likewise recommended public censure. For holdings in this Court, all public censure cases, consistent with our sanction of public censure herein, *see, Matter of Discipline of Dana,* 415 N.W.2d 818 (S.D.1987); *Matter of Discipline of Kirby,* 336 N.W.2d 378 (S.D.1983); *Matter of Discipline of Theodosen,* 303 N.W.2d 104 (S.D.1981); and *Matter of Discipline of Lacey,* 283 N.W.2d 250 (S.D.1979).

The ultimate decision for discipline of members of the State Bar rests with the Supreme Court of South Dakota. SDCL 16–19–22. This Court is not mandated, therefore, to follow the referee's recommended sanction but we have often expressed that the referee's recommendations are entitled to careful consideration. *Matter of Discipline of Hopp,* 376 N.W.2d 816 (S.D.1985); *Matter of Discipline of Willis,* 371 N.W.2d 794 (S.D.1985). We have carefully considered the referee's recommendations, as well as those of the Disciplinary Board of the State Bar of South Dakota. Indeed, these entities have investigated this matter thoroughly, taken testimony, observed the demeanor of the witnesses, and arrived at a recommendation, likewise upon careful consideration.

█ We note that Schmidt previously received a private reprimand, which arose as the result of formal proceedings in this Court. Those proceedings were filed on the 6th day of June, 1989. On April 30, 1990, this Court remanded Schmidt's previous disciplinary matter, the formal proceedings referred to above, "... to the Disciplinary Board *for issuance of a private reprimand* in accordance with the recommendation of the Referee and the provisions of SDCL 16–19–35(5)." (Emphasis supplied). Private reprimands are not ordinarily subject to public disclosure but un-der the circumstances of this case, namely that there was a prior formal proceeding, including oral argument before the Supreme Court, the subject of the private reprimand was a formal record of this Court. Thus, we hold that it is appropriate to disclose it in this, a separate disciplinary proceeding.

Our sanction for attorney Schmidt's conduct herein is a public censure which, in this instance, is in accord with the referee's recommendations and the recommendations of the Disciplinary Board.

AMUNDSON, J., concurs.

SABERS, J., concurs specially.

MILLER, C.J. and WUEST, J., concur in part and dissent in part.

SABERS, Justice (concurring specially).

I write specially to point out that, upon the filing of a second disciplinary complaint, a prior disciplinary order which resulted in a private reprimand is subject to public disclosure. After all, the "private reprimand" was by Supreme Court order under SDCL 16–19–35 and is a matter of public record under SDCL 1–27–1. As such, it might be better and more accurate to change the terminology from "private" reprimand to "non-published" reprimand. Either way, the result should remain the same. Otherwise, one could have numerous violations resulting in private reprimand, none of which could form the basis of future discipline despite relevancy and materiality. I concur with the result of public reprimand as adequate in this case.

MILLER, Chief Justice (concurring in part and dissenting in part).

I respectfully concur in part and dissent in part. I would suspend Schmidt from the practice of law for no less than sixty days.*

Irrespective of that disagreement, one concern, appropriately noted by Justice Henderson, needs to be emphasized. As Justice Henderson notes, SDCL 16–18–2 is MANDATORY. As part of their argument

---

* I disqualified myself and did not participate in Schmidt's prior disciplinary proceedings.

to this Court, Schmidt and his attorney furnished certain information which would indicate that the trial bench and bar are not complying with § 16–18–2. According to their presentation, some circuit courts are using what Schmidt calls "Common Law Admittances" whereunder nonresident attorneys are allowed to participate in South Dakota courts merely "on motion." It is the unanimous belief of the Justices of this Court that such practice is contrary to our law and must cease! We strongly suggest that attorneys and judges closely review SDCL 16–18–2 and strictly comply therewith.

WUEST, Justice (concurring in part and dissenting in part).

I agree with the majority opinion except as to the discipline—public censure. In my opinion, misrepresentation to the Court is a serious matter. Therefore, I vote for a 60–day suspension.