---

## In re EGAN.

### (154 N. W. 521.).

(File No. 3819.   Opinion filed October 18, 1915.)

1.   **Attorneys—Disbarment—Amending Complaint—Reversing Referees' Ruling, Power of Supreme Court.**

In a proceeding for disbarment of an attorney at law, held, that the Supreme Court, before which the proceeding is pending, has power to order an amendment of·the complaint, notwithstanding the referees appointed to take and report the evidence have refused to allow the amendment; that in case of a referees' report in such a proceeding, said Court would have power to reverse their ruling on question of allowance of such amendment; and it is better that such matter be determined at a time when opportunity is given to try out such issues prior to such report.

2.   **Same—Disbarment—Nature of Proceeding—"Grounds for" Disbarment—Proof of Misconduct Punishable as Crime, Admissibility, Notwithstanding Bar of Statute—Insufficiency of Such Proof, Alone, as Affecting Materiality—Statute.**

While statutes, text-writers, and courts speak of certain misconduct of attorney, as "grounds for" disbarment, such use of the term is misleading; such use thereof being correct only

in the sense of stating that the misconduct furnishes proof of his present unfitness to hold an attorney's license, such unfitness being the real "ground for" disbarment; therefore, under Pol. Code, Sec. 704, prescribing certain things as "sufficient causes for revocation or suspension," but not requiring disbar-ment or suspension therefor, if from the whole evidence the court is satisfied that at the time of the disbarment proceeding he was a person of good moral character (Sec. 686) and fitted to remain an attorney, thus furnishing a distinction between a disbarment proceeding and a criminal prosecution, and making the former a civil proceeding, **held**, that proof of misconduct, punishment for which may be barred by statute, may, especially in connection with proof of other and more recent misconduct, tend to prove present unfitness or moral delinquency, and is admissible for that purpose; and it is unnecessary to the materiality of such proof that, standing alone, it would be in-sufficient to establish such unfitness; the ultimate question be-ing whether all the facts established prove his unfitness to be an attorney.

3　Same—Disbarment Proceedings—Policy of Courts in Investigat-ing, in Allowing Amendments—Proof of Long Past Miscon-duct.

Courts, in investigating charges involving misconduct of at-torneys in disbarment proceedings, should seek for all possible light on such charge, and be most liberal in allowing amend-ments to the complaint, and through such amendments extend its examination, when possible to do so and allow respondent opportunity of meeting new alleged proof; and, while courts should be slow to receive evidence of long past misconduct as proof of present unfitness, yet the ordinary statutes of limita-tions barring actions, civil or criminal, based upon such alleged wrongdoing, have no application to such a disbarment proceed-ing.

4.　Same—Disbarment　Proceedings — Limitations — "Offenses　and Crimes"—Applicability of Statute to Disbarment.

Laws 1907, Ch. 129, amending Code Crim. Proc., Sec. 86, a section following one providing that there shall be no limita-tion of time as to a prosecution for murder, and itself providing that in all other cases an information for a public offense and proceedings including forfeiture of existing rights shall be filed within three years after commission of the offense or crime, has no application to a disbarment proceeding; and even though the phrase "including the forfeiture of existing rights" might, though without good reason, be urged as declarative of another class of proceedings other than those quasi-criminal, it could only be disbarment proceedings of which some "offense or

crime" was "made the basis." Held, further, that the term
"offense" as used in that Code, is synonymous with the term
"crime" and "criminal offense"; and the matter proposed to be
brought within the amendment of the complaint in question
does not charge commission of any "offense or crime."

5. Same—Disbarment Proceeding—Amendment of Complaint—Respondent's Presence, Necessity—Respondent's Attorneys, Ability to be Present, Showing Necessary.

Upon an application to amend a complaint in a disbarment
proceeding, held, that such motion raised no issue rendering
respondent's presence in Court necessary to protection of his
rights; and where the files show that the names of two law
firms were endorsed upon the written objections as his attorneys, and there was no showing that any of them, save one
member of one firm, were unable to be present upon return of
an order to show cause why complaint should not be amended
by charging another act of misconduct, and no claim was made
that respondent, on account of short notice given for such
amendment, would be unable to procure witnesses or documentary evidence with which to meet the matters set forth in the
proposed amendment, the objections to granting an order allowing the amendment will be overruled.

6. Same—Disbarment Proceeding—Amendment of Complaint—Civil Judgment in Respondent's Favor, Whether Ground for Resisting Amendment Embodying Same Matter.

In a disbarment proceeding, and upon motion to amend complaint, held, that the fact that the matters set forth in proposed amendment had been the basis of a civil action in which
judgment was for respondent, is no valid objection to such
amendment; the public not having been party to such action;
and further, evidence not then forthcoming to prove all matters
alleged in the proposed amendment may now be at hand, or,
all those matters may have been proven therein, yet the verdict
may have gone on other facts proven, or, the referees in the
present proceeding might, upon the same evidence, reach a
different conclusion from that of the jury.

Original proceeding in the Supreme Court. In the Matter of
the disbarment of George W. Egan, Attorney. Motion to amend
complaint. Motion allowed.

*C. C. Caldwell,* Attorney General, for the State.

*Aikens & Judge,* and *D. J. Conway,* for Respondent.

WHITING, J. Complaint having been filed in this court
charging respondent, a licensed attorney of this court, of such
misconduct as would show him unfit to be an attorney at law,

and the Attorney General having, pursuant to statute and the order of this court, made an investigation and reported thereon to this court, the Attorney General was directed to, and he did, file in this court a complaint in writing charging respondent with various acts all of which were alleged to constitute "dishonorable and unprofessional conduct as an attorney and counselor of this court." Respondent having made answer thereto, the issues raised were referred for trial to a board of referees. After the commencement of such trial, the Attorney General sought leave to amend the complaint so as to charge respondent with another alleged dishonorable and unprofessional act. The referees refused the amendment, and, while the further trial of said cause stood adjourned for a few days, the Attorney General procured an order of this court requiring respondent to show cause why an order of this court should not issue directing the referees to allow such amendment. Upon the return of such order to show cause, the court entered an order directing the referees to allow the amendment. Such order was, of necessity, entered before the court had time within which to prepare and file its written opinion, which opinion is now presented.

The misconduct alleged in the original complaint included several distinct acts or transactions widely varying in nature and extending over a period of more than three years immediately prior to the filing of such complaint. The act of misconduct pleaded in the proposed amendment was alleged to have been committed a few days more than three years prior to the date when such amendment was offered. The act charged in such proposed amendment was different in nature from, and had no relation to or connection with, any act or transaction set forth in the original complaint.

To the granting of an order allowing the proposed amendment respondent filed written objections setting forth: (1) That the court should not pass on any matter of amendment, for the reason that the whole matter had been referred with power to the referees to act with regard to allowing amendments, and it appeared that application to amend was made to the referees and denied; (2) that it was not sought to amend the complaint, but to add thereto a new and separate cause of action; (3) that the matters and things sought to be charged in the proposed amendment

are barred by the provisions of chapter 129, Laws 1907; (4) that the order to show cause issued by this court was improvidently granted, in that it was impossible to give to respondent proper and timely notice of the application to amend. Attached to such objections were affidavits showing that, owing to the time set for the return of the order to show cause and the necessity of respondent himself attending, at Minneapolis, upon the taking of certain depositions to be used on the further trial of this proceeding, and owing to the necessary attendance of his leading counsel upon the trial of a cause in Yankton county, it was impossible for either himself or such counsel to appear in person in this court upon the return of such order to show cause. Such affidavit set forth a matter not otherwise advanced as one of the grounds of objections, namely, that a civil action based on the facts set forth in the proposed amended complaint had been brought against respondent, that the issues therein had been submitted to a jury and determined in favor of respondent, and that a judgment had been entered therein, and contending that it would be unjust and unfair to respondent to have the same matters retried in this proceeding, especially in view of the fact that the same are barred as set forth in the objections presented.

In our order directing the allowance of the amendment, which order was made while two members of this court were away upon vacation, we reserved final determination of the application of said chapter 129, Laws 1907, to this proceeding until the return of the referees' report herein to be then "considered by the full court." This was done in expectation that this opinion would be handed down prior to the return of such absent judges. Inasmuch as they have returned and take part in this decision, it is thought best to pass upon all the objections interposed.

[1] No question is or could be raised but that this court would have, upon the coming in of the referees' report, the power to reverse their ruling on the question of allowing such proposed amendment, and, in case of such reversal, the power to send the cause to such referees to hear evidence on and report upon any issue of fact that might arise owing to such amendment. It is certainly much better that this matter be determined at a time that gives opportunity for such issue or issues of fact to be tried out prior to such report.

[2] We are of the opinion that an understanding of the nature of a disbarment proceeding and of the real basis or "ground for" a judgment of disbarment will make clear that the second and third objections were not good. Statutes, text-writers, and courts speak of certain misconduct of attorneys as being "grounds for" disbarment. Such use of the term "grounds for" is misleading and tends to the conclusion that it is in fact, *for* the "misconduct" that the attorney is disbarred. To disbar *for an act* savors of punishment and would ally a disbarment proceeding to a criminal proceeding, to which proceeding a disbarment proceeding has, in fact, no relation. In only one sense is such use of the term "grounds for" correct, and that is as stating that the misconduct *furnishes the proof* of the wrongdoer's present unfitness to hold a license as an attorney at law; but it is such "unfitness" which in every case is the real "ground for" disbarment. As said by the court in Ex parte Tyler, 107 Cal. 78, 40 Pac. 33, when speaking of the power to disbar, the italicizing being ours:

"In the exercise of this power the court deals with the attorney only as an officer of the court in investigating charges against him for the purpose of determining whether, under the proofs, *he is a fit person to be allowed to continue to practice as an attorney and counselor* in the courts under the license which has been granted to him, and not for the purpose of judging whether *he is guilty of a crime for which he ought to be convicted and punished.*

We agree with the courts of Iowa and Wisconsin in holding that:

"One of the requisites for admission to the bar is the possession of a good moral character, and by the consensus of judicial opinion it is also a requisite for the rightful continuance in the profession." Section 686, Pol. Code; State v. Mosher, 128 Iowa, 82, 103 N. W. 105, 5 Ann. Cas. 984; in re O——, 73 Wis. 602, 42 N. W. 221.

Our statutes (section 704, P. C.) prescribe that certain things "are sufficient causes for revocation or suspension," but such section certainly does not make it mandatory upon the court to disbar or suspend an attorney against whom one or more of the "causes" may be proven, if from the whole evidence the court should be satisfied that at the time of such disbarment proceeding the

attorney was a person of good moral character and fitted to remain an attorney; neither does such statute prescribe the limits beyond which a court is forbidden to go in investigating the alleged unfitness of an attorney to retain his license. This distinction must be borne in mind: The law *punishes* one for what he *does,* not for what he *is,* while an attorney is disbarred because of what he *is* as proven, as of course it only could be proven, by what he *has done.* It is this that fundamentally differentiates a disbarment proceeding from a criminal prosecution, and proves the correctness of the holding that a disbarment proceeding is purely civil in its nature. State v. Kirby, 154 N. W. 284, decided at this term. A person is licensed to practice as an attorney when, in the method established by law, he has been found to be fitted to serve as such attorney; he is suspended or disbarred when it is adjudged that he is unfitted so to serve. The public seeks redress, through a criminal action, for a wrong done it by one acting as an attorney at law; it seeks protection from further wrong on the part of such attorney through the purely civil proceeding wherein it seeks his disbarment. Proof of misconduct, punishment for which may be barred by statute, may often, especially in connection with proof of other misconduct of more recent date, tend to prove present unfitness or moral delinquency. It is unnecessary to the materiality of proof of certain misconduct that such proof, standing alone, would be insufficient to establish the unfitness of the wrongdoer to be a licensed attorney; the ultimate question being: Do all the facts established by the evidence prove to the satisfaction of the court that the respondent is unfitted to be an attorney at law?

[3] It follows from what we have said that, whenever a charge is laid before this court that one of its licensed attorneys is unfitted longer to hold such license, the court should, when investigating such charge, seek for all possible light on such charge, and should be most liberal in allowing amendments to the complaint filed and through such amendments extend its examination, when it can be done under circumstances that will allow respondent ample opportunity of meeting any new matter alleged as proof of unfitness. It also follows that, while courts should be slow to receive evidence of misconduct long past as proof of present unfitness, the ordinary statutes of limitation which might bar

actions, either civil or criminal, based upon such alleged wrong-
doing, have no application whatsoever to a proceeding based
upon the alleged present unfitness of one to hold a license as an
attorney at law. 2 R. C. L. 1107; Notes 11 L. R. A. (N. S.) 557.

[4] And we are fully agreed with the Supreme Court of
California when it holds that, unless some bar of a statute of
limitation prevents, "the fullest opportunity should be given to
investigate the conduct of an attorney who is charged with a vio-
lation of his duties as such"; the interests of the public demand
this. In re Lowenthal, 78 Cal. 427, 21 Pac. 7.

But respondent contends that chapter 129, Laws 1907, is
applicable to disbarment proceedings. This chapter is an amend-
ment to section 86, Code Cr. Proc., which section follows a section
providing that there shall be no limitation of the time within which
a prosecution for murder must be commenced. Section 86 prior
to such amendment read:

"In all other cases an indictment for a public offense must be
found or an information filed within three years after its com-
mission."

Section 86, as amended by chapter 129, Laws 1907, reads:

"In all other cases an indictment or information for a public
offense and all proceedings of a quasi criminal or penal nature
including the forfeiture of existing rights shall be filed within
three years after the commission of the offense or crime made
the basis of the prosecution or proceeding; and be it further
enacted, that this act shall apply to all such offenses and crimes
as have heretofore taken place and to all pending proceedings in
any of the courts of this state."

This statute can have no application to a disbarment proceed-
ing which is neither criminal nor quasi criminal. It might, how-
ever, be urged, though we think without basis of good reason, that
the phrase "including the forfeiture of existing rights," is de-
clarative of another class of proceedings other than those quasi
criminal, and that within this class would come disbarment pro-
ceedings. Even were that true, it could only be disbarment pro-
ceedings of which some "offense or crime" was "made the basis,"
as it is from the date of such "offense or crime" that the period
of limitation runs. That the term "offense," as used in this
Code, has reference to a public offense, and is therefore synony-

mous to the term "crime," seems too clear for question. An "offense," in its legal signification, means "the transgression of a law." Moore v. State of Illinois, 14 How. (55 U. S.) 13, 14 L. Ed. 306. Bouvier defines "offense" in criminal law as:

"The doing that which a penal law forbids to be done, or omitting to do what it commands. In this sense, it is nearly synonymous with crime. In a more confined sense, it may be considered as having the same meaning with misdemeanor; but it differs from it in this, that it is not indictable, but punishable summarily by the forfeiture of a penalty."

Black defines "offense" as:

"A crime or misdemeanor; a breach of the criminal laws. It is used as a genus, comprehending every crime and misdemeanor, or as a species, signifying a crime not indictable, but punishable summarily or by the forfeiture of a penalty."

The last definition is also found in Wharton's Law Lexicon. Abbott says:

"An offense is a breach of the laws established for the protection of the public, as distinguished from an infringement of mere private, rights. A punishable violation of law; a crime; also sometimes a crime of lesser grade; a misdemeanor.

Judge Mitchell in State v. West, 42 Minn. 147, 43 N. W. 845, said:

"The terms 'crime,' 'offense,' and 'criminal offense' are all synonymous, and ordinarily used interchangeably, and include any breach of law established for the protection of the public, as distinguished from an infringement of mere private, rights for which a penalty is imposed or punishment inflicted in any judicial proceeding."

It needs but the most casual glance at the various sections of our Penal Code and Code of Criminal Procedure to show that the words "offense," "criminal offense," and "crime" are used interchangeably therein. The matter set forth in the proposed amendment does not charge respondent with the commission of any "offense or crime"; therefore under no course of reasoning can it properly be claimed that the statute in question applies to the particular amendment prayed for.

[5] The motion to amend raised no issue of fact rendering respondent's presence in this court in any manner necessary to the

protection of his rights. Indorsed upon the written objections as "attorneys for respondent" we find the name of D. J. Conway and the firm name of Aikens & Judge. There is no showing that any of these attorneys, other than Mr. Aikens, were unable to be present upon the return of such order to show cause. Neither has respondent claimed that, on account of the short time given, he would be unable to procure his witnesses or the documentary evidence with which to meet the matters set forth in such proposed amendment.

[6] We do not believe that the fact that the matters set forth in the proposed amendment had been the basis of a civil action in which verdict and judgment were for respondent is seriously urged as a valid legal objection to such amendment. The judgment in such case may be, and probably is, res adjudicata as against the plaintiff therein, but the public, as represented by the state government, was not a party to such proceeding. Upon the trial of such action evidence may have been lacking to prove all the matters alleged in the proposed answer; such evidence may now be forthcoming. All of the facts alleged in the proposed complaint may have been proven, and yet the verdict of the jury sustained by other matters proven, which other matters might be absolutely immaterial to any issue in the present proceedings. Finally, it might be proper to suggest that upon the same evidence, the referees might reach a different conclusion from that reached by the jury.

While holding that the amendment should be allowed, we do not wish it to be understood that we are expressing to the referees any opinion whatsoever upon the probative force of the facts alleged in such proposed amendment as establishing the present unfitness of respondent to be an attorney at law.