In Re BYRNE.

(262 N. W. 236.)

(File No. 7402. Opinion filed September 9, 1935.)

PER CURIAM. A formal complaint in disbarment was filed against the above-named Paul Byrne, charging one act of misconduct in violation of the duties of an attorney at law. Issue was joined, and Francis J. Parker of Deadwood, S. D., was appointed by this court as referee. Prior to the hearing before the referee, the accused withdrew the answer he had filed, admitted the misconduct, and filed herein a writing wherein he apologized "to the Court and the Bar of South Dakota" for his actions. The case is now before us for disposition upon the record as above outlined.

It appears from the record that at this time no one except Paul Byrne, himself, has suffered any material loss because

of the misconduct. It further appears that during the last several months this attorney, realizing the error committed, has attempted to rectify that error, and by his actions has, we believe, demonstrated an understanding of his duties as a member of the bar of this state. We trust we are not wrong in this conclusion. This proceeding is not for the purpose of punishing the defendant, but to determine whether he is at present a person fitted in character to be an attorney. In re Egan, 36 S. D. 228, 154 N. W. 521. We are convinced that the defendant deserves severe censure for committing the act which he has now admitted, but we further believe from this record that the defendant, perhaps due partly to the institution of these proceedings, will in the future conduct himself in a manner not subject to censure. As stated in Re Wilmarth, 42 S. D. 76, 172 N. W. 921, 926: "He has erred and has laid himself open to just censure. However, we have every confidence that this proceeding will tend to bring respondent to a fuller and clearer realization of the dignity and importance of his position as an officer of the courts."

In view of the above, it is our judgment that the above-named Paul Byrne is subject to the censure of this court for his act of misconduct, and that he could pay the costs of these proceedings.

Judgment will be entered accordingly.

All the Judges concur.