### In the Matter of the DISCIPLINE of Keith R. STRANGE, as an Attorney at Law.

#### 14637.

Supreme Court of South Dakota.

Argued Dec. 12, 1984.

Decided April 17, 1985.

R. James Zieser, Disciplinary Bd., South Dakota Bar Ass'n, Tyndall, for complainant.

David V. Vrooman, Sioux Falls, for respondent.

FOSHEIM, Chief Justice.

The Disciplinary Board (Board) of the State Bar of South Dakota investigated the conduct of attorney Keith R. Strange and found that he possessed and used cocaine on numerous occasions during the years 1979 and 1982, all in violation of the criminal statutes of South Dakota and Canon I of the Code of Ethics. The Board recommended that formal disciplinary proceedings be instituted, and this Court directed the Board to file a formal accusation pursuant to SDCL 16–19–67. That accusation states Keith R. Strange was admitted as an attorney at law in the courts of South Dakota on May 16, 1974, and since then has been engaged in the practice of law in this state. Respondent was charged with unprofessional conduct in that he violated the criminal statute (SDCL 22–42–5) requiring that no person shall knowingly possess a controlled drug or substance and the Code of Professional Responsibility which requires that a lawyer should maintain the integrity and competence of the legal profession, and shall not engage in illegal conduct involving moral turpitude. The accusation specifically alleged that at numerous times in 1979 and 1982, Mr. Strange possessed and used cocaine, a controlled drug and substance as defined by SDCL 34–20B–16(2), at a time when he was licensed to practice law in the State of South Dakota. By answer, Mr. Strange admitted each allegation.[1]

Upon receipt of that report, this Court appointed the Honorable Robert L. Tschetter, Circuit Judge, as referee to conduct a hearing on the matter and to submit findings and recommendations. The findings of the referee essentially followed those of the Board. The recommendations, however, differed. The Board recommended:

... that Keith R. Strange be subjected to the sanction of a ninety (90) day suspension from the practice of law in the State of South Dakota provided, however, that the foregoing sanction shall be imposed only if Keith R. Strange fails to fulfill the following conditions:

(1) That for a period of one year from the date of said sanction Keith R. Strange refrain entirely from the illicit use of drugs.

(2) That for a period of one year from the date of said sanction Keith R. Strange not commit any act that would constitute a violation of the Code of Professional Responsibility that would constitute grounds for the imposition of a discipline pursuant to SDCL 16–19 and acts amendatory thereto.

(3) That Keith R. Strange be required to give one day of public service per month for three months at the direction of its Presiding Judge.

---

1. Each charge was revealed by the testimony of Mr. Strange to a grand jury for which he was granted immunity from criminal prosecution.

If Mr. Strange had been convicted of this offense he would have been summarily suspended. SDCL 16–19–37.

The referee would impose a 90 day suspension from the practice of law beyond the recommendation of the Board. Mr. Strange found the suggestions of the Board acceptable, but filed objections to the disciplines recommended by the referee. This Court held a hearing on the matter on December 12, 1984.

The right to practice law is a privilege granted upon demonstration of satisfactory moral fitness and adequate legal and general learning. To continue this privilege, a lawyer must maintain his fitness and qualifications. *State ex rel. Rice v. Cozad*, 70 S.D. 193, 16 N.W.2d 484 (1944).

In *Matter of Parker*, 269 N.W.2d 779 (S.D.1978) which also involved the illegal use of drugs, we said:

As officers of this court, attorneys are charged with the obedience of the laws of this state and the United States. The intentional violation of those laws by those who are specially trained and knowledgeable of them is particularly unwarranted and constitutes a breach of the attorney's oath of office. Because of his position in society, even minor violations of law by a lawyer tend to lessen public confidence in the legal profession. Obedience of the law exemplifies respect for the law. To lawyers especially, respect for the law must be more than a platitude.

*Id.* at 780. This language also appears in Canon I EC 1–5 of the Code of Professional Responsibility.

It is the settled rule in this State that "While the findings of the referee are not conclusive, ... they are nevertheless entitled to our careful consideration[.]" *In Matter of Discipline of Theodosen*, 303 N.W.2d 104, 106 (S.D.1981); *see also, In the Matter of Discipline of Rensch*, 333 N.W.2d 713 (S.D.1983); *In Re Goodrich*, 78 S.D. 8, 98 N.W.2d 125 (1959); *In Re Schmidt*, 70 S.D. 161, 16 N.W.2d 41 (1944). If the referee's findings are supported by the evidence, they will not be disturbed by this Court. *Theodosen, supra; Rensch, supra; Goodrich, supra; Schmidt, supra.*

Here the facts are not disputed. The referee's findings are adopted. It does not necessarily follow, however, that the referee's recommendations will also be adopted. *Rensch, supra.*

The purpose of a disciplinary proceeding is not to punish, but to protect the public from further wrongdoing on the part of the attorney, *In Re Egan*, 36 S.D. 228, 154 N.W. 521 (1915), and if necessary, to remove from the profession one who has proved himself unfit to be entrusted with the duties and responsibilities of an attorney. *In Re Kunkle*, 88 S.D. 269, 218 N.W.2d 521 (1974). In that light, we consider circumstances concerning the extent and frequency of the drug abuse; whether it was used during working hours; whether the accused is addicted to drugs and thus likely to do unethical acts to supply the habit; whether he sold drugs and has quit using drugs. The referee did not enter specific findings regarding these elements. They are, however, addressed in the testimony and ostensibly were considered by the referee, who observed the witnesses. All of these concerns seem to have been answered favorable to Mr. Strange. Nevertheless, we cannot conclude from the entire record that the recommendations of the referee, who observed the witnesses, were inappropriate. The referee's recommendations are accordingly adopted.

WOLLMAN, J., and WUEST, Circuit Judge, Acting as a Supreme Court Justice, concur.

HENDERSON, J., specially concurs.

MORGAN, J., dissents.

HENDERSON, Justice (specially concurring).

I specially concur in the majority opinion to express that the ultimate judgment of the highest Court of this state, based upon the recommendations of the referee, is stern and not lenient; it is not indulgent but is exacting to the degree that it forewarns young lawyers, unaffected by these

instant proceedings, of the dangers of the usage of a drug such as cocaine.

I specially concur to say that not one of these three lawyers sold nor distributed cocaine but apparently became involved in a fast-moving society in the largest city of our state which believed that it was rather chic to use cocaine—socially. There is nothing in the record to suggest that their clients were affected adversely by this usage, but given the severely damaging effects of this hard drug, time would surely yield an adverse impact upon their office procedures.

There has been a great deal of publicity in this state concerning the usage of cocaine by young lawyers in Eastern South Dakota. Like a father would tell an arrant son, this Court should direct the path of these young lawyers away from a wrong that would destroy them. The judgment of this Court should teach them to appreciate their law degree which they worked so hard for to make a living in life.

The referee is the fact finder and the decision-maker below, not the Disciplinary Board. "[W]e are mindful that the referee saw and heard the witnesses with all the advantage that is gained from such personal contact." *Matter of Discipline of Theodosen*, 303 N.W.2d 104, 106 (S.D.1981); *In re Goodrich*, 78 S.D. 8, 98 N.W.2d 125 (1959); *In re Schmidt*, 70 S.D. 161, 16 N.W.2d 41 (1944). The referee in this case, the Honorable Robert L. Tschetter, was selected by this Court to act as referee and in him this Court reposed confidence in his legal ability, wisdom, and impartiality. His circuit entails the extreme northwestern part of South Dakota and he is some 450 miles removed from the factual situation of these parties. As such, he is imbued with total objectivity and aligned with no fraternal, social, or day-by-day legal contacts. Therefore, under our previous decisions and the objective, first-hand impressions of Judge Tschetter, I believe that the referee was in a better position to determine the effect of Strange's activities on the integrity of the Bar of this state than the Disciplinary Board as espoused by Justice Morgan's dissent. Judge Tschetter is blatantly neutral and is aloof to any type of bias or suspicioned judgment. Nay, there cannot be even the slightest suggestion of an appearance of an unobjective recommendation to this Court.

Indeed, the lawyers who serve on the Disciplinary Board have a most arduous and difficult calling. As I specifically pointed out in *Matter of Voorhees*, 294 N.W.2d 646, 649 (S.D.1980), their recommendations should be given great weight. But I also pointed out that the awesome responsibility of making the final decision rests with this Court, not the Disciplinary Board. SDCL 16–19–22 provides:

> The Supreme Court shall have sole power to strike from the roll the name of any attorney and counselor at law and to revoke his license *or to suspend him from the practice for such time as shall seem just* for cause shown. (Emphasis supplied.)

Ultimately, and with one aspect of Justice Morgan's dissent, I agree, namely: This Court must make a determination of the reinstatement to the practice of law of these attorneys, after application and hearing has been made before the Disciplinary Board and recommendations presented to this Court, and upon which a due process hearing should then and there be held.

MORGAN, Justice (dissenting).

I dissent from that part of the opinion which adopts the referee's recommendation for discipline. As the opinion notes, the Disciplinary Board recommended a ninety-day suspension from practice which would in turn be suspended upon compliance with certain conditions. The referee went further, however, and recommended a one-hundred-eighty-day suspension from practice, the first ninety days absolute and the second ninety days set aside upon compliance with conditions similar to those set by the Disciplinary Board.

I would follow the recommendation of the Disciplinary Board. Great weight should be given to their recommendation. The lawyers and layman who serve on that Board have a difficult task. There is no

suggestion that Strange's activities had any influence on any client or legal business. The finding of fault is all based upon maintaining the integrity of the Bar. I would suggest that the seven-member board can far better assess the impact of Strange's activities on the integrity of the Bar than can the referee, a judge residing at the opposite end of the state.

I would also note that SDCL 16–19–83 provides: "No attorney suspended for more than three months ... may resume practice until reinstated by order of the Supreme Court." This entails an application and hearing before the Disciplinary Board, recommendations from the Disciplinary Board and a hearing before this Court. SDCL 16–19–84. The judgment clearly provides for suspension of 180 days. In providing for automatic reinstatement at the end of 90 days, it obviously runs afoul of the above rules.

As much as I would like to temporize the penalty inflicted under this judgment, I can find no authority in our disciplinary rules to do so.