**In the Matter of the DISCIPLINE OF Steven C. WILLIS, as an Attorney at Law.**

**No. 14677.**

Supreme Court of South Dakota.

Original Proceeding
Argued May 21, 1985.
Decided July 24, 1985.

R. James Zieser, Atty. for the Disciplinary Bd. South Dakota State Bar Assn, Tyndall, for complainant.

Michael B. Crew of Crew & Crew, Sioux Falls, for respondent.

HENDERSON, Justice.

This is an original proceeding concerning the discipline of Attorney Steven C. Willis.

Steven C. Willis graduated from the University of South Dakota School of Law in May 1976 and was admitted as a member of the South Dakota State Bar Association at that time. Upon graduation, Willis initially worked for an accounting firm and in 1977, he became a licensed C.P.A. Thereafter, Willis entered private practice in Sioux Falls as a sole-practitioner. His practice centers around business ventures and real estate transactions.

In the summer of 1983, Willis was called to testify before the grand jury. Therein, as pertinent to the present situation, Willis testified, inter alia, to using cocaine on several occasions in 1982. On April 5, 1984, in a criminal trial unrelated to Willis, Willis testified to using cocaine on several occasions and purchasing it on one occasion. Willis was granted immunity from prosecution for testifying in these proceedings and thus was not criminally prosecuted for his violations.

Apparently based on the above testimony, the Disciplinary Board of the State Bar of South Dakota initiated an investigation of Willis' conduct. At a Disciplinary Board hearing held on June 20, 1984, Willis again testified to using cocaine four or five times and purchasing it once in 1982. Willis also testified that he did not consider himself an addict, did not use it during office hours, did not use it while working on a case, and did not provide it to anyone else. The Disciplinary Board entered Findings of Fact and Proposed Recommendations on June 29, 1984. The Disciplinary Board found that Willis possessed and used cocaine while licensed to practice law; that this violated SDCL 22–42–5, Canon 1, and DR 1–102(A)(3), which the latter two respectively require lawyers to assist in maintaining the integrity and competence of the legal profession and prohibit illegal conduct involving moral turpitude. The Board recommended formal disciplinary action to this Court and that Willis be suspended for 90 days if he failed to 1) refrain from illicit drug use for one year; 2) committed a violation of the Code of Professional Responsibility that constituted grounds for discipline within one year; and 3) failed to give three days of public service. Willis acceded to the Findings of Fact and had no objection to the filing of the same with this Court.

A Formal Accusation was then filed with this Court pursuant to SDCL 16–19–67 alleging the above violations. Willis' Answer admitted the allegations and admitted

using cocaine four to six times in his life and prayed this Court to take just and equitable action. We appointed the Honorable Robert L. Tschetter as referee and a hearing was held on January 4, 1985. The testimony elicited at this hearing was essentially the same as that testified to in all three of the previous proceedings. The cocaine use was in small, impromptu social gatherings and its use was not sought out nor the main attraction. The referee entered findings similar to those made by the Disciplinary Board, but recommended Willis be suspended from the practice of law for 180 days—the first 90 days of suspension to be absolute and the second 90 days to be held in abeyance upon the fulfillment of the conditions previously recommended by the Disciplinary Board.

We refer to *Matter of Discipline of Strange,* 366 N.W.2d 495 (S.D.1985); *Matter of Discipline of Kessler,* 366 N.W.2d 499 (S.D.1985); and *Matter of Discipline of Brende,* 366 N.W.2d 500 (S.D.1985), noting the facts and circumstances in the present case are nearly identical with those in the above-cited cases. As in those cases, the Disciplinary Board entered findings and recommended a specific sanction, whereas the referee recommended a different sanction. Specifically, the Disciplinary Board has recommended that Willis be subjected to the sanction of a 90-day suspension from the practice of law in South Dakota, provided the sanction be imposed only if Willis fails to fulfill the three conditions we enumerated above. In effect, the Board is recommending a suspended suspension.

This case, an original proceeding, was referred to the Honorable Robert L. Tschetter, Circuit Judge, to conduct a hearing on the matter and submit findings and recommendations as a referee. This has been accomplished. Judge Tschetter has found Attorney Willis guilty of unprofessional conduct by violating the South Dakota criminal statutes and by violating the Code of Professional Responsibility in failing to maintain the integrity and competence of the legal profession and by engaging in illegal conduct involving moral turpitude. Although Judge Tschetter found that Willis did not engage in the sale or distribution of cocaine, a finding was entered that Attorney Willis used cocaine on numerous occasions during 1982 when he was licensed to practice law and did purchase cocaine on one occasion. Judge Tschetter carefully listened to and considered the statements of Willis, Attorney Crew who represented Willis, and the recommendations of the Disciplinary Board. It becomes apparent from the findings and recommendations of the referee, that the referee viewed and considered this case in a deep, solemn manner considering the rights of Attorney Willis, the integrity of the legal profession, the protection of the public, and arrived at a decision which would serve the best interests of the legal profession and the general public.

■ We adopt the recommendations of the referee, which are as follows:

That Steven C. Willis be suspended from the practice of law for a period of 180 days. That 90 days of this period be absolute and that the second 90 day period of suspension be held in abeyance on conditions as follows:

1. That for a period of one year from the date of final order herein that Steven C. Willis refrain entirely from the illicit use of drugs.

2. That for a period of one year from the date of said final order, Steven C. Willis not commit any act that would constitute a violation of the Code of Professional Responsibility or that would constitute grounds for imposition of a discipline pursuant to SDCL 16–19 and acts amendatory thereto.

3. That Steven C. Willis be required to give one (1) day of public service per month during this second 90 day period at the direction of the Presiding Judge in the Circuit in which he is practicing.

■ As we noted above, the facts and circumstances of this case are similar to *Strange, Kessler,* and *Brende.* We see no reason to deviate from our holdings therein. "[W]e are mindful that the referee saw and heard the witnesses with all the advan-

tage that is gained from such personal contact." *Matter of Discipline of Theodosen*, 303 N.W.2d 104, 106 (S.D.1981); *In re Goodrich*, 78 S.D. 8, 98 N.W.2d 125 (1959); *In re Schmidt*, 70 S.D. 161, 16 N.W.2d 41 (1944). Attorney Willis does not dispute the facts, and the referee's findings are adopted. We need not follow the referee's recommendations, but they are entitled to our careful consideration. *Matter of Discipline of Rensch*, 333 N.W.2d 713 (S.D. 1983). The ultimate decision for discipline of members of the State Bar rests with this Court. SDCL 16–19–22 provides:

> The Supreme Court shall have sole power to strike from the roll the name of any attorney and counselor at law and to revoke his license or to suspend him from the practice for such time as shall seem just for cause shown.

Here, the referee considered the rights of Willis, the integrity and competence of the legal profession, the fact that this attorney engaged in illegal conduct involving moral turpitude, and the protection of the public. Holding that the referee's recommendations are appropriate sanctions for Attorney Willis, we accordingly adopt the suspension from the practice of law for 180 days—the first 90 days of suspension to be absolute and the second 90 days to be held in abeyance upon the fulfillment of the conditions set forth above.

FOSHEIM, C.J., WOLLMAN, J., and WUEST, Circuit Judge, Acting as Supreme Court Justice, concur.

MORGAN, J., dissents.

MORGAN, Justice (dissenting).

I dissent.

At the hearing on the referee's report, the Disciplinary Board, speaking through its counsel, particularly advised the court that, in spite of the majority decision in the triad of cases alluded to in the majority opinion, the Board opted to stand on its previous recommendation as was spelled out in the majority opinion.

I dissent for basically the same reason that I did in *Matter of Discipline of Strange*, 366 N.W.2d 495, 498 (S.D.1985).