**In the Matter of the DISCIPLINE OF Charles HOPP as an Attorney at Law.**

**No. 14604.**

Supreme Court of South Dakota.

Original Proceeding.

Considered on Briefs Oct. 25, 1985.

Decided Nov. 27, 1985.

R. James Zieser, Atty. for the Disciplinary Board, South Dakota State Bar Ass'n, Tyndall, for complainant.

John E. Burke, Sioux Falls, for respondent.

HERTZ, Acting Justice.

This is an original proceeding concerning the discipline of Attorney Charles H. Hopp.

Charles H. Hopp graduated from the University of South Dakota School of Law in 1972 and was admitted as a member of the South Dakota Bar Association in September of that year. Other than representing his father in a hearing before the Social Security Administration during his senior year of law school, Mr. Hopp has never practiced law. Additionally, he has no intention to practice law in the future. Mr. Hopp maintains an inactive membership in the South Dakota State Bar.

Upon graduation from law school, Mr. Hopp worked in the construction business. Thereafter, he was involved with his brother in the operation of a bar in Sioux Falls, South Dakota. After this business was closed, Mr. Hopp established several small submarine sandwich shops throughout Sioux Falls. After the sandwich shops were sold in 1981, Mr. Hopp bought into a laundry and dry cleaning business. Presently, he is self-employed in the dry cleaning business in Sioux Falls.

On May 17, 1984, Mr. Hopp plead guilty to the charge of Inhabiting a Room where Controlled Substances are Illegally Stored or Used in violation of SDCL 22–42–11. He received a six-month suspended sentence and was fined $150.00. Prior to his conviction, Mr. Hopp was granted use immunity and testified before a grand jury in Sioux Falls. During these proceedings, he admitted to using cocaine. Although he was subsequently charged with a felony violation, the use immunity enabled Hopp to plead to a Class I Misdemeanor under SDCL 22–42–11, as previously mentioned.

As a result of his conviction, the Disciplinary Board of the South Dakota Bar Association commenced an investigation into Hopp's conduct. At a hearing held before the Board on December 6, 1984, Hopp testified to using cocaine for recreational purposes less than ten times in his own home. These incidents occurred during the years of 1981 through 1983. Hopp further testified that he used cocaine on these occasions when three or four of his friends came over to his house to play gin rummy or backgammon. At the time of the hearing, Hopp testified that he hadn't used cocaine in two years. Furthermore, he stated that he has never used it while practicing law or representing clients. Although Hopp stated that he used cocaine one previous time while in Las Vegas, that incident was also confined to a private environment.

The Disciplinary Board entered Findings of Fact and Proposed Recommendations on December 12, 1984. The Board found that Hopp possessed and used cocaine while licensed to practice law; that such possession and use of cocaine violated SDCL 22–42–5; that such conduct also violated Canon I of the Code of Professional Responsibility, which requires a lawyer to assist in maintaining the integrity and competence of the legal profession, as well as its allied Disciplinary Rule, DR 1–102(A)(3), which states that it is misconduct for a lawyer to engage in illegal conduct involving moral turpitude and which further states a lawyer's obligation to maintain the highest standards of ethical conduct. The Disciplinary Board recommended formal disciplinary action to this court, as well as the suspension of Hopp from the practice of law for a 90 day period if he failed to 1) refrain from illicit drug use for one year; 2) violated the Code of Professional Responsibility prompting grounds for discipline within one year; and 3) failed to give three days of public service. Hopp acceded to the Findings of Fact and had no objection to the filing of the same with this court.

A Formal Accusation was then filed with this court pursuant to SDCL 16–19–67 alleging the foregoing violations. Hopp's Answer admitted the allegations and also admitted pleading guilty to the charge of violating SDCL 22–42–11, however, he stated that there was a factual basis for such plea pursuant to his grant of use immunity. Hopp further prayed this court to punish him in accordance with the recommendations of the Disciplinary Board.

We appointed the Honorable Marvin S. Talbott as referee and a hearing was held on May 28, 1985. The testimony elicited at this hearing was substantially similar to that which was stated at the Disciplinary Board hearing. Hopp testified that he was not a drug addict, that he never sold drugs and that he has stopped all use of drugs. Furthermore, he stated that he has never held himself out as an attorney engaged in the practice of law; that he has no intention in the foreseeable future to practice law and that he has no desire to activate his State Bar membership. The referee entered findings identical to those made by the Disciplinary Board, however, he additionally recommended that Hopp reimburse Minnehaha County for the costs associated with the reference hearing.

The ultimate decision for discipline of members of the State Bar rests with this court. As such, SDCL 16–19–22 provides as follows:

> The Supreme Court shall have sole power to strike from the roll the name of any attorney and counselor at law and to revoke his license or to suspend him

from the practice for such time as shall seem just for cause shown.

We refer to our opinion in *Matter of Discipline of Willis,* 371 N.W.2d 794 (S.D. 1985), in which we discussed the deference paid to the referee's findings and recommendations. Thus, "[w]e are mindful that the referee saw and heard the witnesses with all the advantage that is gained from such personal contact." *Id.* at 796, (quoting from *Matter of Discipline of Theodosen,* 303 N.W.2d 104, 106 (S.D.1981)). We need not follow the referee's recommendations, but they are entitled to our careful consideration. *Matter of Discipline of Rensch,* 333 N.W.2d 713 (S.D.1983).

In the instant case, an original proceeding was referred to the Honorable Marvin S. Talbott, Circuit Judge, to conduct a hearing on the matter concerning Attorney Hopp, and thereafter, submit findings and recommendations as a referee. This task has been completed. Judge Talbott found that Hopp was guilty of unprofessional conduct by violating the South Dakota criminal statutes and by violating the Code of Professional Responsibility in failing to maintain the integrity and competence of the legal profession and by engaging in illegal conduct involving moral turpitude. Although Judge Talbott found that Hopp was not a drug addict, that he never engaged in the sale of drugs, that he has been free from controlled substances for over two years, and that he has never practiced law; a finding was nevertheless entered that Hopp used cocaine during the years of 1981 through 1983 when he was licensed to practice law in the State of South Dakota.

A review of the referee's findings and recommendations convinces us that he considered this matter with due respect for the rights of Mr. Hopp as well as the integrity of the legal profession and the welfare of the public at large. Therefore, we adopt the recommendations of the referee, which are as follows:

That Charles Hopp be subject to the sanction of a 90 day suspension from the practice of law in the State of South Dakota provided, however, that the foregoing sanction shall be imposed only if Charles Hopp fails to fulfill the following conditions:

1. That for a period of one year from the date of said sanction Charles Hopp refrain entirely from the illicit use of drugs.

2. That for a period of one year from the date of said sanction Charles Hopp not commit any act that would constitute a violation of the Code of Professional Responsibility that would constitute grounds for the imposition of a discipline pursuant to SDCL 16–19 and acts amendatory thereto.

3. That Charles Hopp be required to give one day of public service per month for three months at the direction of the Presiding Judge of the Second Judicial Circuit.

4. That Charles Hopp reimburse Minnehaha County, South Dakota the sum of $144.08 as the costs of reference paid by it under the provisions of SDCL 16–19–69.

Holding that the referee's recommendations are appropriate sanctions for Attorney Hopp, we accordingly adopt the suspension from the practice of law for 90 days to be held in abeyance upon the fulfillment of the conditions set forth above.

All the Justices concur.

WUEST, Circuit Judge, Acting as a Supreme Court Justice, participating.