In the Matter of the Petition for Reinstatement of David J. TRYGSTAD to the Practice of Law.

No. 16324.

Supreme Court of South Dakota.

Argued Aug. 31, 1988.

Decided Feb. 1, 1989.

Rehearing Granted March 6, 1989.

Lee M. McCahren, Vermillion, for petitioner.

R. James Zieser, Tyndall, for Disciplinary Board of the State Bar of South Dakota.

TSCHETTER, Circuit Judge.

This court disbarred David Trygstad (petitioner) on January 27, 1983. Petitioner consented to the disbarment. SDCL 16–19–65. Petitioner's affidavit upon which disbarment was premised stated that he intended to plead guilty to two counts of conspiracy to distribute cocaine. Petitioner plead guilty to these charges and was sentenced to two consecutive five year terms. The sentence was later commuted to two concurrent five year terms.

Petitioner has applied for reinstatement. SDCL 16–19–84. The Disciplinary Board of the State Bar heard petitioner's petition for reinstatement and found that:

> ... Petitioner has since his release from the penitentiary refrained from the use of alcohol and drugs and has led an exemplary life during the suspension, has not been convicted of any crimes and has been an asset to the communities and to his employer for a period of approximately five (5) years.

The Disciplinary Board further found that petitioner had shown by clear and convincing evidence that for the past five years he had the moral qualifications required for readmission to practice law. (*See* 16–19–84). The Disciplinary Board recommends conditional reinstatement. Although we are not bound to follow this recommendation, we are required to give the recommendation careful consideration. *Matter of Reinstatement of Husby*, 426 N.W.2d 27 (S.D. 1988).

In considering this matter two areas of concern surface:

(1) Punishment for wrongdoing.

(2) Pronouncing to the general public that applicant is "fit to resume the practice of law." SDCL 16–19–87.

The first area of concern, punishment for wrongdoing, has been attended to by the criminal procedures of the state of South Dakota. Petitioner has been in prison, on probation and deprived of his privilege to practice law for over five years.

For this court to find petitioner fit to resume the practice of law, we must answer the question, "Can petitioner be held out to the public as a person morally fit to be entrusted with professional and judicial matters and to aid in the administration of justice as an attorney and officer of the court?" *See In re Discipline of Dana*, 415 N.W.2d 818, 823 (S.D.1987); SDCL 16–19–31.

Under the time-tested admonition of *Petition of Morrison*, 45 S.D. 123, 124, 186 N.W. 556, 557 (1922) we are directed "[a] court should be slow to disbar, but it should be even slower to reinstate; it should endeavor to make certain that it does not again put into the hands of an unworthy petitioner that almost unlimited opportunity to inflict wrongs upon society possessed by a practicing lawyer." In this proceeding the function of this court is more to protect the public than to punish petitioner.

SDCL 19–19–84 states that the petitioner shall have the burden of demonstrating by clear and convincing evidence that he has the moral qualifications, competency and learning in law required for admission to practice law in this state and that his resumption of the practice of law within the state will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive to the public interest.

The case of *In re Egan*, 38 S.D. 458, 161 N.W. 1003 (1917), stated that "[t]he mere formal proof of good character required of an ordinary applicant for admission to the bar is not sufficient. The proof must be persuasive enough to overcome the court's former adverse judgment on the applicant's character." Mr. Trygstad's petition is

based on an admission of the propriety of the judgment of disbarment. He asserts, however, that he has in effect become sufficiently rehabilitated to reincarnate the good moral character he presumptively had at the time of admission to practice. When a petition for reinstatement is so postured we are required by the law as stated in *Egan, supra* "to take into consideration the applicant's former record together with his conduct subsequent to disbarment, but without the benefit of presumptions as to character which normally attend upon a first application."

Petitioner has in his presentation to Disciplinary Board as well as to this court heavily emphasized his rehabilitative efforts. Indeed, the rehabilitative efforts of petitioner are laudable.

We are, however, bound to look not only to the rehabilitative effort but to determine whether or not this rehabilitative effort has been sufficient to "reincarnate the good moral character he presumptively had at the time of his admission."

The principal document dealing with the facts which lead to the disbarment of Trygstad are set forth in South Dakota Attorney General's Office, Division of Criminal Investigation interview dated January 13, 1983 (DCI Interview).

Petitioner's statement in DCI interview shows that:

(1) Petitioner was heavily involved in the drug scene in 1982 and prior years.

(2) That a portion of this involvement dealt with sale of cocaine in lots up to a quarter pound of values up to $8,400.00.

(3) That a profit motive was the prime focus of petitioner at the time of committing the drug offenses leading to disbarment.

(4) That a portion of petitioner's involvement in the drug scene entailed the enlisting of one of petitioner's clients to move some coke (cocaine).

(5) That a portion of petitioner's enterprise entailed resale of a portion of purchased cocaine and acquiescing in the procedure of a cohort to "cut" the remaining cocaine and thereby profit by distributing the "cut product" at an enhanced markup.

(6) Utilization of the "cut coke" scheme to build a fund to pay the client's bill to Trygstad and to invest the balance of the fund.

It is well settled that we are not bound by and need not follow the recommendations of the Disciplinary Board, but such recommendations are entitled to careful consideration. *Husby, supra.*

We are, however, convinced that the Disciplinary Board did not give sufficient weight to the gravity of the conduct of petitioner prior to disbarment. In addition, we cannot help but observe some lack of candor in petitioner's representation to the court that the principal motivation of petitioner in this matter was maintenance of his habit. The prior record of petitioner clearly shows that the thrust of petitioner's operation was profit.

For reasons above stated, the petition of Trygstad for reinstatement must be denied.

MILLER, J., and TUCKER, Circuit Judge, concur.

HENDERSON, J., concurs specially.

MORGAN, J., concurs in result.

TSCHETTER, Circuit Judge, for WUEST, C.J., disqualified.

TUCKER, Circuit Judge, for SABERS, J., disqualified.

HENDERSON, Justice (concurring specially).

It is rather fundamental that a case-by-case analysis be made by those of us who serve in an appellate body. It is also an old fundamental rule of law that like cases should be treated alike. Serving on this Court, it is extremely important to compare our words in the past with our words of the present.

*Husby,* cited in the majority opinion, prompted a dissent on my part with a citation to *Morrison,* now cited in the majority. In my dissent in *Husby,* I also quoted from *Dana,* now cited in the majority opinion.

*Morrison*, of course, is a very old case in this Court, but it is still good law. *Dana* is a very recent case in this Court. Both cases take an extremely cautious viewpoint towards readmission of attorneys to practice law in this state. I could not vote for readmission in *Husby*, because of the extensive involvement by Husby in drugs, over a long period of time. I cannot vote for reinstatement, in this case, for essentially the same reason. Trygstad has earnestly tried to rehabilitate himself, but his application for reinstatement here is, timewise, shortly after supervision by state authorities.

A lawyer who becomes hooked on drugs is one thing. A lawyer who sells drugs for profit is another. *See In re Discipline of Strange*, 366 N.W.2d 495 (S.D.1985) (Henderson, J., concurring specially, at 497). Before the "continuing proclamation" is issued by this Court, as I mentioned in my dissent in *Husby*, I truly believe that time should pass, by which members of this Court may determine, at a later date, if Trygstad may be " 'entrusted with professional and judicial matters, and to aid in the administration of justice as an attorney and as an officer of the court.' " *Dana*, 415 N.W.2d at 823 (citation omitted). For recent cases in this Court involving attorneys who possess drugs, see *Strange*, 366 N.W.2d 495 (S.D.1985) (Henderson, J., concurring specially, and Morgan, J., dissenting); *In re Discipline of Kessler*, 366 N.W.2d 499 (S.D.1985) (Henderson, J., concurring specially, and Morgan, J., dissenting); and *In re Discipline of Brende*, 366 N.W.2d 500 (S.D.1985) (Henderson, J., concurring specially, and Morgan, J., dissenting).

Lastly, the standard of review in these cases is succinctly set forth in *Dana*, 415 N.W.2d at 822. We do not disturb the referee's findings if they are supported by the evidence; but "[o]n the other hand, we give no particular deference to a referee's recommended sanction. The ultimate decision for discipline of members of the State Bar rests with this court." *Dana*, 415 N.W.2d at 822 (citing *In re Hopp*, 376 N.W.2d 816 (S.D.1985)).

MORGAN, Justice (concurring in result).

I concur in the result. I take exception to the discussion of punishment for wrongdoing found in the majority opinion. This court has often held that the purpose of disciplinary proceedings is not to punish but to remove unfit attorneys for the protection of the public. *Matter of Discipline of Strange*, 366 N.W.2d 495 (S.D.1985); *Matter of Walker*, 254 N.W.2d 452 (S.D. 1977); *In re Weisensee*, 224 N.W.2d 830 (S.D.1975). Otherwise, I concur in the discussion of the failure of petitioner to meet the burden of establishing his fitness to be readmitted to practice law in this state.