**In the Matter of the Petition for Reinstatement of David J. TRYGSTAD to the Practice of Law.**

**No. 16324.**

Supreme Court of South Dakota.

Argued April 11, 1989.

Decided Oct. 25, 1989.

Lee M. McCahren, Vermillion, for petitioner.

R. James Zieser, Tyndall, for Disciplinary Bd. of the State Bar of South Dakota.

## ON REHEARING

TSCHETTER, Circuit Judge.

David J. Trygstad (Petitioner), consented to disbarment on January 27, 1983. SDCL 16–19–65. Petitioner's application for reinstatement was denied. *Matter of Trygstad,* 435 N.W.2d 723, (S.D.1989). After entry of the order denying reinstatement, this Court granted Petitioner's request for rehearing.

We granted Petitioner's request for rehearing to enable Petitioner to reply to and explain the contents of an interview with DCI agents. This interview was conducted shortly after Petitioner's arrest in 1983. Portions of the DCI statement were inconsistent with Petitioner's recent testimony in this reinstatement proceeding. The DCI statement indicated that Petitioner's misconduct was more serious than had previously been believed. This, coupled with Petitioner's apparently inconsistent testimony regarding his motivation for involvement in a drug distribution scheme, formed the basis for denial of his petition for reinstatement. *See Matter of Trygstad, supra.*

In this proceeding Petitioner carries the burden of demonstrating by clear and convincing evidence "that his resumption of the practice of law within the state will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive of the public interest." SDCL 16–19–84. Petitioner's proof must be sufficient to overcome the Court's former adverse judgment on his character. *In re Egan,* 38 S.D. 458, 161 N.W. 1003 (1917). We must be satisfied that Petitioner can be held out to the public as a person morally "fit to be entrusted with professional and judicial matters, and to aid in the administration of justice as an attorney and officer of the court." *See In re Discipline of Dana,* 415 N.W.2d 818, 823 (S.D.1987); SDCL 16–19–31.

Petitioner's involvement in the drug scene as articulated in the 1983 DCI interview was admittedly motivated by the potential for substantial profit. His subsequent position in the reinstatement hearing and rehearing was that his involvement was the result of chemical dependency. There was in the opinion of this Court a lack of candor suggesting that Petitioner's rehabilitation may have been less than complete. On rehearing, Petitioner's explanation of these inconsistent assertions, profit motive as distinguished from addiction, fell short of satisfying the Court that we should hold out to the public that Petitioner is now morally fit to be entrusted with professional and judicial matters.

This vacillation concerning motivation is sufficient reason to adhere to the decision of this Court on the original petition for reinstatement. There are, however, additional reasons why reinstatement is not

advisable at this time. It is undisputed that Petitioner was involved in a scheme to distribute large amounts of cocaine throughout South Dakota for profit. The investigation which nipped this scheme in the bud was extensively publicized. Likewise, investigative reports and Petitioner's statements indicate that distribution of substantial quantities of cocaine would occur. Of course, the distribution scheme was established for the dual purpose of supporting Petitioner's habit and for profit. The record indicates to this Court that it is clear that profit was a motive of at least equal strength with addiction and that Petitioner in reinstatement hearing and rehearing intended to minimize this aspect of his original wrongdoing.

The admonition of SDCL 16–19–31 places an awesome duty on this Court:

> The license to practice law in this state is a continuing proclamation by the Supreme Court that the holder is fit to be entrusted with professional and judicial matters, and to aid in the administration of justice as an attorney and as an officer of the court. It is the duty of every recipient of that privilege to conduct himself at all times, both professionally and personally, in conformity with the standards imposed upon members of the bar as conditions for the privilege to practice law.

With these principles in mind we must adhere to our original decision denying reinstatement.

MORGAN, HENDERSON and MILLER, JJ., and TUCKER, Circuit Judge, concur.

TSCHETTER, Circuit Judge, for WUEST, C.J., disqualified.

TUCKER, Circuit Judge, for SABERS, J., disqualified.