Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 
Petition of Hopewell, 1999 SD 6
IN THE MATTER OF THE PETITION FOR REINSTATEMENT OF RICHARD J. HOPEWELL,
as an Attorney at Law.
[1999 SD 6]
South Dakota Supreme Court
ORIGINAL PROCEEDING
#20685
Richard L. Johnson, Sioux Falls, SD
Ralph Lotkin, Cochran & Lotkin, Washington, DC
Attorneys for Petitioner Richard J. Hopewell.
Laurence J. Zastrow, Pierre, SD
Attorney for Disciplinary Board.
Argued Dec 2, 1998; Opinion Filed Jan 13, 1999
PER CURIAM
[Â¶1] On November 16, 1997, Richard James Hopewell (Hopewell) petitioned for reinstatement of his license to practice law following this Court's earlier suspension of his license. Following a hearing held June 15, 1998, the Disciplinary Board of the State Bar of South Dakota (Board) recommended that conditional reinstatement be granted. Having determined that Hopewell has met the requirements for reinstatement previously mandated by this Court, we grant reinstatement pursuant to the conditions set forth below.
FACTS 
[Â¶2] On November 3, 1993, this Court suspended Hopewell's license to practice law. The underlying facts and the disciplinary proceeding of the suspension are set forth in detail in In re Discipline of Hopewell, 507 NW2d 911 (SD 1993) (Hopewell I). Suspension was to continue for an indefinite period of time until Hopewell satisfied the requirements for reinstatement set forth by this Court. Id. at 918.
[Â¶3] Hopewell first petitioned for reinstatement on August 6, 1994. Following a hearing, the Board recommended his petition be denied. This Court subsequently denied Hopewell's petition for reinstatement agreeing with the Board and concluding that he failed to prove that the reasons underlying his suspension had changed and also that he failed to provide clear and convincing evidence he had met the requirements for reinstatement. In re Petition of Hopewell, 529 NW2d 578, 582 (SD 1995) (Hopewell II).
[Â¶4] Hopewell filed a second petition for reinstatement on November 16, 1997 and appeared before the Board. In Hopewell I, this Court set forth a list of requirements with which Hopewell must comply before reinstatement of his license to practice law would be considered. Of particular concern to this Court, as indicated in Hopewell I, was a favorable examination of Hopewell by a licensed, approved psychiatrist. Dr. Anthony M. Vaca, among others, examined Hopewell prior to November 1997 hearing before the Disciplinary Board and pronounced him mentally able to resume the practice of law, providing the following testimony at the hearing:


Hopewell's Attorney: And you have already said this but I just want to bring it to a close insofar as my portion. If I understand your testimony this morning as well as your report, it is your view, based upon your experience and education, that you believe that Dick Hopewell is mentally able to resume the practice of law, he suffers from no infirmity which would require continual or ongoing medical intervention?


Dr. Vaca: This is my opinion, that's correct.
The Board ultimately recommended conditional reinstatement. It noted his established competency and learning in the law and his compliance with the conditions enumerated by this Court in Hopewell I.
[Â¶5] In reinstatement cases, we must determine whether the petitioner can "'be held out to the public as a person morally fit to be entrusted with professional and judicial matters and to aid in the administration of justice as an attorney and officer of the court[.]'" In re Reutter, 500 NW2d 900, 901 (SD 1993) (quoting In re Reinstatement of Trygstad, 435 NW2d 723, 724 (SD 1989)). Although we are not bound to accept the Board's recommendation, it is carefully considered by this Court. In re Pier, 1997 SD 23, Â¶7, 561 NW2d 297, 299 (Pier II) (quoting Reutter, 500 NW2d at 902; Petition of Draeger, 463 NW2d 346, 347 (SD 1990); Petition of Husby, 426 NW2d 27, 28 (SD 1988)).
[Â¶6] Hopewell appeared personally before this Court and we have considered all the materials before us in this matter, including the Board's recommendation for conditional reinstatement. We find that Hopewell has proven by clear and convincing evidence that he has complied with this Court's requirements for reinstatement set forth in Hopewell I. We therefore grant his reinstatement to the practice of law in this state with the following conditions:


1. Hopewell shall be on probation under the provisions of SDCL 16-19-35(3) for a period of five years.
2. Hopewell shall be under the supervision of Sioux Falls attorney, Richard L. Johnson, for a period of five years. Hopewell will not file a complaint, petition, pleading, brief, motion, or affidavit or commence any proceeding in any court or with any administrative agency without the approval of his supervising attorney.
3. Hopewell shall be required, during the five-year probationary period, to attend continuing legal education programs, obtaining a minimum of 15 CLE hours annually, and certify his attendance at these programs to the Board.
4. Hopewell shall be required, during the five-year probationary period, to file quarterly reports with the Board providing information on the cases he is handling, to include the status of each case, progress in each case, the likely completion date for filing of pleadings, discovery schedules, hearing or trial dates, appeals, and other appropriate information in each case. These reports shall be verified and signed by Hopewell and his supervising attorney.
5. Hopewell shall abide by all directions given by the supervising attorney as it relates to the management of his office and client matters.
6. Hopewell shall be required, for such time as he is actively practicing law in this state, to provide proof of malpractice insurance annually by submitting certificate of coverage from his insurance carrier to the Board.
7. Hopewell and Richard L. Johnson are jointly and severally responsible to advise the Court and Disciplinary Board if at any time during the five-year period of supervision, Richard L. Johnson is unable or unwilling to continue as supervising attorney to Hopewell.
The Court also incorporates by reference the terms of the agreement signed by Hopewell, his attorney, and the Board on September 1 and 2, 1998, noting that the period of supervision and the period of probation are extended to five years as set forth above.
[Â¶7] Upon completion of this five-year period, unconditional reinstatement to practice law in this state shall not be automatic but will be considered by this Court upon petition by Hopewell following a hearing before the Disciplinary Board to determine compliance with the above-named conditions.
[Â¶8] MILLER, Chief Justice, and SABERS and GILBERTSON, Justices, and STEELE, and FITZGERALD, Circuit Court Judges, participating.
[Â¶9] STEELE, Circuit Judge, for AMUNDSON, Justice, disqualified.
[Â¶10] FITZGERALD, Circuit Judge, for KONENKAMP, Justice, disqualified.