**In the Matter of the Discipline of Robert J. PARKER, as an Attorney at Law.**

**No. 12116.**

Supreme Court of South Dakota.

Sept. 6, 1978.

R. James Zieser, Tyndall, for the Disciplinary Board, South Dakota Bar Association.

No Appearance for respondent.

PER CURIAM.

The respondent, Robert J. Parker, was admitted to practice as an attorney and counselor at law in the courts of the State of South Dakota by a certificate of admission dated the 15th day of August, 1963. He most recently had been engaged in the private practice of law in Sioux Falls, South Dakota.

In 1976, respondent was arrested and charged with two counts of felony distribution of marijuana. A jury returned a verdict of guilty on both counts on October 29, 1976. A judgment of conviction on a sentence of three years on each count, to be served concurrently, was entered by the trial court on December 9, 1976.

A certified copy of the judgment of conviction was filed with this court and by order of this court, dated December 20, 1976, the respondent's license to practice was suspended in accordance with Rule 5(a), Supreme Court Disciplinary Rules of August 28, 1974.

Respondent subsequently appealed his conviction to this court; the conviction was affirmed by decision of this court on March 20, 1978. See *State v. Parker*, S.D., 263 N.W.2d 679 (1978). On April 27, 1978, the Grievance Committee was directed to serve a formal complaint upon respondent; such service being made on May 11, 1978. There has been no answer filed by respondent and no appearance by counsel made on his behalf.

The matter was then noticed for hearing pursuant to Rule X(e) of the Rules of Disciplinary Enforcement Relating to Conduct of Attorneys (Supreme Court Rule 78–1) to determine the final discipline to be imposed upon respondent.

On July 27, 1978, the matter came on for hearing before this court. The Disciplinary Board (renamed and reconstituted by Supreme Court Order 78–1) was represented by counsel, however, respondent did not appear nor was he represented by counsel. The Disciplinary Board has recommended the disbarment of respondent.

SDCL 16–19–2 provides in part:

The following are sufficient causes for revocation or suspension of an attorney and counselor's license:

(1) *Conviction of a felony* or a misdemeanor involving moral turpitude, in either of which cases the record of conviction is conclusive evidence; (Emphasis added.)

As officers of this court, attorneys are charged with the obedience of the laws of this state and the United States. The intentional violation of those laws by those who are specially trained and knowledgeable of them is particularly unwarranted and constitutes a breach of the attorney's oath of office. Because of his position in society, even minor violations of law by a lawyer tend to lessen public confidence in the legal profession. Obedience of the law exemplifies respect for the law. To lawyers especially, respect for the law must be more than a platitude. See Code of Professional Responsibility EC 1–5.

Although most states make a felony conviction grounds for automatic disbarment, our rule does not mandate disbarment; however, such a conviction is prima facie evidence of an unfitness for the trust and confidence reposed in the members of the Bar of this state. To determine whether discipline other than disbarment would be appropriate, the circumstances surrounding the conviction will be considered, i. e., whether the conduct involved dishonesty, fraud, deceit, or misrepresentation; whether the conduct is prejudicial to the administration of justice; whether the conduct adversely reflects upon the attorney's integrity, competency or fitness to practice law. The respondent here has not presented any evidence which would convince this court

that the circumstances leading to his felony conviction did not involve such conduct. We find respondent's conviction for the distribution of a large quantity of marijuana justifies the extreme discipline of disbarment.

It is the order of the court that Robert J. Parker be disbarred and that his license to practice law be revoked and his name stricken from the clerk's roll of attorneys.

ZASTROW and PORTER and MORGAN, JJ., and TICE, Jr., and ULRICH, Circuit Judges, concur.

TICE, Jr., Circuit Judge, sitting for DUNN, C. J., disqualified.

ULRICH, Circuit Judge, sitting for WOLLMAN, J., disqualified.