**In the Matter of the Discipline of Robert B. LOOBY, Attorney at Law.**

**No. 13050.**

Supreme Court of South Dakota.

Argued Sept. 10, 1980.

Decided Oct. 22, 1980.

R. James Zieser, Tyndall, for complainant Disciplinary Bd. of the State Bar of South Dakota.

George A. Bangs of Bangs, Mc Cullen, Butler, Foye & Simmons, Rapid City, for respondent Robert B. Looby.

PER CURIAM.

Robert B. Looby (respondent) was admitted to the practice of law in this state on August 29, 1946. Since the date of his admission, respondent has practiced in many rural communities in South Dakota. Presently, respondent is employed as a teacher with the Northern Cheyenne Tribal Para Legal Program in Lame Deer, Montana.

What brings respondent before this court for disciplinary proceedings is a conviction for making false statements to influence a financial institution,[1] a felony under federal law.[2] Respondent pleaded guilty to the second count of a six-count federal indictment on February 22, 1980. It appears that loans in the amount of approximately $113,500 were procured through false statements. Respondent's conviction led to his immediate suspension as an attorney and a recommendation by the Disciplinary Board of the State Bar of South Dakota that respondent be disbarred. We find that respondent is not, at this time, fit to engage in the practice of law and we therefore enter an order of disbarment.

As recently as the *Matter of Voorhees,* 294 N.W.2d 646, 647 (S.D.1980), we stated that, " '[t]he purpose of disciplinary proceedings is not to punish but to remove from the profession those attorneys whose misconduct has proved them unfit to be entrusted with duties and responsibilities belonging to the office of an attorney so that the public may be protected from further wrongdoing.' " (brackets in original)

1. The indictment was founded upon 18 U.S.C. § 1014 which provides, in part:

    Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of . . . any bank the deposits of which are insured by the Federal Deposit Insurance Corporation . . . upon any application, advance . . . commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise . . . shall be fined not more than $5,000 or imprisoned not more than two years, or both.

2. 18 U.S.C. § 1 provides, in part:

    Notwithstanding any Act of Congress to the contrary:
    (1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.

(citations omitted). SDCL 16-19–33 specifies what constitutes misconduct, which may be grounds for discipline.[3] Conviction of a crime as set forth in SDCL 16–19–36 [4] and the willful violation of any bylaw, rule, or regulation which is adopted by the State Bar and approved by the Supreme Court, are forms of misconduct which will support disciplinary proceedings.

Respondent has been convicted of a felony. Moreover, it is a felony which involves willful misrepresentation and the making of false statements. Not only has respondent transgressed the statutory prohibition against commission of a "serious crime," he has made a mockery of Disciplinary Rule 9–101 of the Code of Professional Responsibility, SDCL 16–18 (App.), which requires avoidance of even the appearance of impropriety.

> As officers of this court, attorneys are charged with the obedience of the laws of this state and the United States. The intentional violation of those laws . . . by a lawyer tend to lessen public confidence in the legal profession. Obedience of the law exemplifies respect for the law. To lawyers especially, respect for the law must be more than a platitude.

*Matter of Parker*, 269 N.W.2d 779, 780 (S.D. 1978).

In his personal plea to this court respondent stated that the acts complained of were motivated by a desperate financial condition, and he blamed this financial condition on the loss of a lucrative contract with the Rosebud Indian Tribe, failure to collect a sizeable fee due from that tribe, poor business judgment, and excessive use of alcohol. Respondent specifically stated, however, that he did not blame alcohol for his problems; that he did not drink on the job and that his drinking did not affect his practice of law or his business ventures, except to the extent that his excessive drinking and throwing of lavish parties contributed to his already bad financial condition.

Respondent further stated, by way of affidavit, that the banks involved "did not rely on his false representations," and that the false financial reports were made for the renewal of loans already in existence with these banks. This court has no way of knowing whether the banks involved relied on these false reports, for respondent, pursuant to a plea bargain, pleaded guilty to one count of the federal indictment. We have no information as to whether the six loans were renewal loans or new loans. More importantly, if they were renewal loans, we have no information as to whether the same financial reports involving misrepresentation of the extent of respondent's indebtedness were submitted to obtain the original loans now being renewed. We do know that respondent, contrary to the usual custom of doing business with one bank, distributed his loan business among several banks in southwestern South Dakota, some of which are over one hundred miles apart. We also know that the banks complained of these misrepresentations, resulting in six federal indictments against respondent, which seems to belie any claim that the bankers were not relying on respondent's financial statements. None of the bankers came forward with any statements or affidavits that these financial statements were simply a means of clearing their records and that they had actual knowledge of respondent's indebtedness at the time the loan was made. If they had, it surely would involve respondent in a more serious conspiracy with the bankers to defraud the

---

**3.** SDCL 16–19–33 provides, in part:

> The following shall similarly constitute misconduct and shall be grounds for discipline:
> (1) Conviction of a crime as set forth in § 16–19–36.
>
> .        .        .        .        .
>
> (5) Willful violation of any bylaw, rule, or regulation duly adopted by the state bar and approved by the Supreme Court[.]

**4.** SDCL 16-19 36 provides, in part:

> The term "serious crime" shall include any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime, involves improper conduct as an attorney . . . false swearing, misrepresentation, fraud . . . [or] deceit[.]

depositors of their respective banks and would not have lessened respondent's wrongdoing.

This court finds nothing in these alleged defenses that would alleviate the serious crime respondent has committed or that would require or even suggest lenient treatment by this court. Naturally, the court has some compassion for respondent, who has been in our midst for thirty-four years, and even more compassion for his family; but this does not relieve the solemn duty of this court to the Bar and to the citizens of South Dakota. We simply cannot ignore an attorney's federal conviction of a felony involving false swearing, misrepresentation, fraud and deceit. In light of the severity and nature of the offense committed, this court has no choice but to enter an order of disbarment.

Accordingly, we adopt the recommendation of the Disciplinary Board and order that a judgment shall forthwith be entered disbarring Robert B. Looby, revoking his license to practice law, and striking his name from the clerk's roll of attorneys.

BRADSHAW, Circuit Judge, sitting for HENDERSON, J.

GERKEN, Circuit Judge, sitting for FOSHEIM, J.