In the Matter of the DISCIPLINE OF Robert REUTTER, as an Attorney at Law.

No. 14603.

Supreme Court of South Dakota.

Argued Nov. 19, 1985.

Decided Dec. 31, 1985.

R. James Zieser, Disciplinary Bd., South Dakota Bar Ass'n, Tyndall, for complainant.

WUEST, Acting Justice.

This is an original proceeding concerning a disciplinary action brought against Attorney Robert Reutter (Reutter), under the provisions of SDCL 16–19–37 et seq. We find that Reutter is not, at this time, fit to engage in the practice of law and we therefore enter an order of disbarment.

Mr. Reutter was admitted to the practice of law in South Dakota on July 29, 1965. He practiced for a time in Pipestone, Minnesota, and appears to have stopped practice in 1975, at which time he moved to Sioux Falls, South Dakota, where he was involved in various businesses. Reutter was, however, on active status as a member of the South Dakota Bar Association in 1982 and 1983, although he had not paid his bar dues for 1984.

In March of 1984, Reutter was convicted in Minnehaha County, South Dakota, on two counts of aiding and abetting the distribution of cocaine and one count of conspiracy to distribute cocaine. SDCL 22–3–3, SDCL 22–42–2, and SDCL 22–3–8. We affirmed his conviction on appeal, and he is presently serving a fourteen-year prison term in the South Dakota State Penitentiary.

On June 15, 1984, this court suspended Reutter from the practice of law and referred the discipline of Reutter to the South Dakota State Bar Disciplinary Board (Board) for a report and recommendation limited, pursuant to the provisions of SDCL 16–19–39, to the issue of the extent of the final discipline to be imposed upon him as the result of his conviction of a serious crime.

The Disciplinary Board entered a report and recommendation on the matter on October 4, 1984. Board determined that Reutter was found guilty by a jury on two counts of aiding and abetting the distribution of cocaine, and one count of conspiracy to distribute cocaine, and that said crimes constitute serious crimes within the definition of SDCL 16–19–36. Board found the facts to substantiate that Reutter was involved in the distribution of cocaine with Attorney David Trygstad and a California resident by the name of Juan Soto. Further, Board found that Reutter was seen using cocaine by Attorneys James E. Kessler, Arlie Brende and David J. Trygstad. Based upon these findings, Board recommended that Reutter be disbarred by this court.

Upon receipt of Board's report and recommendation, we set the matter for hearing before this court on November 19, 1985, at 9:00 a.m. Reutter did not appear in opposition at the hearing. Board's representative reiterated its findings and recommendation that he be permanently dis-

barred. The only objection made by Reutter was in a letter dated October 4, 1984, in which he expressed concern for Board's finding that the aforementioned attorneys had seen him using cocaine. We find Reutter's objection of no moment, however, given the fact that our order dated June 15, 1985, limited the issue to the extent of discipline imposed upon Reutter as the result of his conviction of a serious crime. Any findings which did not pertain to said disciplines are surplusage.

Reutter has been convicted of a felony and, under the provisions of SDCL 16–19–36,* said conviction constitutes a serious crime. Conviction of a serious crime, and the willful violation of any bylaw, rule, or regulation which is adopted by the State Bar and approved by the Supreme Court, are forms of misconduct which will support disciplinary proceedings. *Matter of Looby,* 297 N.W.2d 487, 488 (S.D.1980).

> As officers of this court, attorneys are charged with the obedience of the laws of this state and the United States. The intentional violation of those laws ... by a lawyer tend to lessen public confidence in the legal profession. Obedience of the law exemplifies respect for the law. To lawyers especially, respect for the law must be more than a platitude.

*Matter of Parker,* 269 N.W.2d 779, 780 (S.D.1978); *see also Looby, supra.*

> The purpose of a disciplinary proceeding is not to punish, but to protect the public from further wrongdoing on the part of the attorney, *In Re Egan,* 36 S.D. 228, 154 N.W. 521 (1915), and if necessary, to remove from the profession one who has proved himself unfit to be entrusted with the duties and responsibilities of an attorney. *In Re Kunkle,* 88 S.D. 269, 218 N.W.2d 521 (1974).

*Matter of Discipline of Strange,* 366 N.W.2d 495, 497 (S.D.1985); *see also Loo-*

*by, supra; Matter of Voorhees,* 294 N.W.2d 646 (S.D.1980).

Reutter has been convicted of a felony involving moral turpitude. His actions, which include the use and distribution of cocaine, transgress not only the statutory prohibition against commission of a "serious crime," they mock the requirement that attorneys avoid even the appearance of impropriety. Disciplinary Rule 9–101 of the Code of Professional Responsibility, SDCL 16–18 (App.). In light of the severity and nature of the offenses committed, we have no choice but to enter an order of disbarment.

Accordingly, we adopt the recommendation of the Board and order that a judgment shall forthwith be entered disbarring Robert Reutter, revoking his license to practice law, and striking his name from the Clerk's roll of attorneys.

All the Justices concur.

ference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or a conspiracy or solicitation of another to commit a serious crime.

---

* SDCL 16–19–36 reads, in pertinent part:
  The term "serious crime" shall include any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime, involves improper conduct as an attorney, inter-