In the Matter of the DISCIPLINE OF
Kent August MOECKLY as an
Attorney at Law.

No. 14802.

Supreme Court of South Dakota.

Original Proceeding

Argued Jan. 12, 1987.

Decided Feb. 25, 1987.

R. James Zieser, for the Disciplinary Bd. South Dakota State Bar Ass'n, Tyndall, for complainant.

No appearance for respondent Moeckly.

SABERS, Justice.

### Action

This is an original proceeding concerning the discipline of attorney Kent August Moeckly (Moeckly) under SDCL 16–19–36. The Disciplinary Board of the South Dakota Bar Association (Board) recommends disbarment. We find that Moeckly is not, at this time, fit to engage in the practice of law and we therefore enter an order of disbarment.

### Facts

Moeckly was admitted to the bar on September 6, 1974. He practiced law in Britton, South Dakota and also worked on a part-time basis as a law trained magistrate.

On October 6, 1984, a jury of the United States District Court (D.Minn.3d) returned a guilty verdict which convicted Moeckly of two (2) counts perjury, one (1) count conspiracy to import cocaine, and one (1) count of conspiracy with intent to distribute cocaine. He was sentenced to serve seven years in prison and pay a $10,000 fine. The Eighth Circuit Court of Appeals affirmed this decision. *See: United States v. Moeckly*, 769 F.2d 453 (8th Cir.1985) *cert. denied*, — U.S. ——, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986).

### Statutes

SDCL 16–19–36 provides in pertinent part:

*Attorney's conviction of serious crime to be reported to Supreme Court—Definition of serious crime...., The term 'serious crime' shall include any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime, involves improper conduct as an attor-*ney, interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or a conspiracy or solicitation of another to commit a serious crime.

The appendix to SDCL ch. 16–18 sets forth the Code of Professional Responsibility for lawyers. Canon 9 states, "a lawyer should avoid even the appearance of professional impropriety." EC 9–2 provides in part, "public confidence in law and lawyers may be eroded by irresponsible or improper conduct of a lawyer[.]" *See also:* DR 9–101. With these considerations in mind, we turn to the facts at bar.

### Decision

Moeckly has been convicted of a felony which constitutes a serious crime under SDCL 16–19–36. "Conviction of a serious crime, and the willful violation of any by-law, rule, or regulation which is adopted by the State Bar and approved by the Supreme Court, are forms of misconduct which will support disciplinary proceedings." *Matter of Reutter*, 379 N.W.2d 315, 316 (S.D.1985) *citing Matter of Looby*, 297 N.W.2d 487, 488 (S.D.1980).

'As officers of the court, attorneys are charged with the obedience of the laws of this state and the United States. The intentional violation of those laws ... by a lawyer tend to lessen public confidence in the legal profession. Obedience of the law exemplifies respect for the law. To lawyers especially, respect for the law must be more than a platitude.'

*Reutter*, 379 N.W.2d at 316, *citing Matter of Parker*, 269 N.W.2d 779, 780 (S.D.1978). *See also: Looby, supra.*

We disbarred the attorney involved in *Reutter, supra*, based upon his conviction for two counts of aiding and abetting the distribution of cocaine, and one count of conspiracy to distribute cocaine for which he received a fourteen-year prison term. 379 N.W.2d at 315. Here, Moeckly along with Joseph "Casey" Ramirez and William Coulombe were involved in the illegal drug trade from early 1981 through approximately April of 1983 which was carried out

in Minnesota, Florida, the Bahamas, and elsewhere. Moeckly's expertise as a pilot was apparently used to fly decoy or cover operations for Ramirez in smuggling drugs from South America. Moeckly was also convicted of perjury before a grand jury which was investigating the trio's smuggling activities. These convictions were based on his denials of being in Florida during 1983 and keeping a pilot's log book.

The record undeniably shows that Moeckly has participated in felonious conduct involving moral turpitude.

> His actions, which include the ... distribution of cocaine, transgress not only the statutory prohibition against commission of a 'serious crime,' they mock the requirement that attorneys avoid even the appearance of impropriety.

*Id.* at 316, *citing* DR 9–101, SDCL 16–18 (App.).

In light of the offenses committed, we adopt the recommendation of the Board and accordingly enter an order disbarring Kent August Moeckly, revoking his license to practice law, and striking his name from the Clerk's roll of attorneys.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

HENDERSON, J., specially concurs.

HENDERSON, Justice (specially concurring).

Per this Court's Order of December 21, 1984, Moeckly was suspended from the practice of law; suspension was bottomed on SDCL 16–19–37 [1]; the suspension was to continue "pending final disposition of disciplinary proceedings." Before us, "final * * * disciplinary proceedings" attend.

Moeckly has not appeared personally nor by counsel. No showing whatsoever is made in resistance to this disbarment proceeding. The record suggests that he is serving time in a federal penitentiary at Fort Worth, Texas.

Moeckly is not in a federal penitentiary nor is he being disbarred for some generic professional impropriety. His disbarment is, and should be, founded on SDCL 16–19–36,[2] i.e., he has committed serious federal crimes for which he was sentenced to seven years' confinement. Moeckly was found guilty of perjury for having made false declarations before a United States Grand Jury and having "combined, conspired, confederated, and agreed with others to import into the United States, cocaine * * *."

Cocaine importation from South America and resultant drug abuse of our citizens is one of the greatest threats to our Nation. This attorney collaborated, by nefarious means, to corrupt his fellow human beings. Therefore, I join in the disbarment recommendation of the State Bar and this Court's decision.

---

1. SDCL 16–19–37 provides:
   If any attorney has been convicted of a serious crime as defined in § 16–19–36, the Supreme Court shall enter an order immediately suspending the attorney, whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial or otherwise, and regardless of the pendency of an appeal, pending final disposition of a disciplinary proceeding to be commenced upon such conviction. Upon good cause shown, the Court may set aside such order restraining the attorney from engaging in the practice of law when it appears in the interest of justice so to do. An order suspending an attorney from the practice of law pursuant to this section shall constitute a suspension of the attorney for the purpose of §§ 16–19–74 to 16–19–82, inclusive, unless the Supreme Court shall otherwise order.

2. SDCL 16–19–36 provides:
   The clerk of any court in this state in which an attorney is convicted of a serious crime shall within ten days of said conviction transmit a certificate thereof to the Supreme Court. The term "serious crime" shall include any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime, involves improper conduct as an attorney, interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or a conspiracy or solicitation of another to commit a serious crime.