**In the Matter of the Discipline of William H. COACHER as an Attorney at Law.**

**No. 16298.**

Supreme Court of South Dakota.

Argued Feb. 15, 1989.

Decided April 12, 1989.

William H. Coacher, pro se at argument.

Charles F. Carbiener, Vermillion, for respondent.

R. James Zieser, Tyndall, for Disciplinary Bd. of the State Bar of South Dakota.

PER CURIAM.

William H. Coacher (Coacher), admitted to the practice of law in 1956, pleaded nolo contendere to one count of grand theft by embezzlement, under SDCL 22–30A–10 (Embezzlement of Property Received in Trust), and SDCL 22–30A–17, which provides that grand theft is a Class 4 felony.* Coacher was sentenced on June 7, 1988, to serve eight years in the State Penitentiary, six of which were to be suspended on condition that he make restitution to four clients:

| | |
|---|---:|
| Ruth Simon: | $3,787.87 |
| Jack Schaff: | 1,000.00 |
| Maxine Hudelson: | 1,066.61 |
| William Burke (on behalf of Harriet Gilland): | 2,972.12 |

Coacher served time in the State Penitentiary pursuant to the circuit court sentence. Restitution was ordered, per judgment of the circuit court by its June 7, 1988 Judgment of Conviction, for the following incidents, each pertaining to embezzlement:

1) Coacher agreed to hold proceeds from the sale of Ruth Simon's home in his trust account, to enable her to be admitted to a Good Samaritan Home at government expense, such proceeds to be given to her children after her death;

2) Coacher was sent $1,000 by Jack Schaff, to pay Schaff's mother's medical bills, which Coacher did not do;

3) Coacher collected $1,066.61 in V.A. life insurance for Maxine Hudelson,

---

* Coacher was suspended from the practice of law by this Court for a period of three years under a judgment dated November 20, 1986. Coacher failed to make an appearance at a hearing before this Court on November 18, 1986.

but failed to give it to the beneficiaries; and

4) Similar to 1), in that $2,972.12, from the sale of William Burke's home, was put in Coacher's trust account to enable Burke to obtain medicaid and the amount was dissipated.

Coacher was charged with embezzlement regarding the Schaff incident only. The Disciplinary Board recommends disbarment. Coacher admitted the above facts in his response to the Board's report, but requested that any hearing on disbarment or suspension be continued until "Respondent is released from parole" or fully pardoned. He filed a written response to the Report and Recommendation of the Disciplinary Board through Attorney Charles F. Carbiener, Vermillion, South Dakota, the text of which is that restitution, as required by circuit court judgment, was made and that he expressed feelings of remorse over his past actions. He has, apparently, paid the ordered restitution. This Court held a formal hearing on February 15, 1989, at the State Capital, with Coacher appearing pro se, whereat he admitted many acts of ethical impropriety and expressed great remorse. He indicated, *inter alia*, that judgments were entered against him and that he "might be" facing other litigation.

Our duty and obligation to the public is clear. We must disbar Coacher as per our earlier holding in *In re Kunkle*, 88 S.D. 269, 218 N.W.2d 521 (1974), *cert. denied*, 419 U.S. 1036, 95 S.Ct. 521, 42 L.Ed.2d 312 (1974). We must protect the public from further wrongdoing. In addition to the four factual scenarios recited above, there were six grievous acts, committed by Coacher, which were called to our attention in the Findings of Fact entered by the Disciplinary Board on June 26, 1986. Coacher, by a written consent, consented to those findings by written document dated July 21, 1986. Appearing pro se on this original proceeding, he stated concerning the new Report and Recommendation of the Disciplinary Board of the State Bar of South Dakota, the "allegations are all true." Based upon the history, as reflected by the proceedings in this Court, and that

Coacher has been convicted of a serious crime per SDCL 16–19–36, we hereby enter an order disbarring Coacher. We consider, as precedent, *In re Discipline of Moeckly*, 401 N.W.2d 537, 538 (S.D.1987) (citing *In re Discipline of State v. Reutter*, 379 N.W.2d 315, 316 (S.D.1985)); *In re Discipline of Looby*, 297 N.W.2d 487, 488 (S.D.1980); *In re Discipline of Parker*, 269 N.W.2d 779, 780 (S.D.1978). We revoke his license to practice law and strike his name from the Clerk's roll of attorneys in this State.