**In the Matter of the DISCIPLINE OF Timothy P. JANUSZ, As an Attorney at Law.**

**Nos. 16428, 16415.**

Supreme Court of South Dakota.

Argued March 22, 1989.

Decided May 3, 1989.

R. James Zieser, Tyndall, for Disciplinary Bd.

Timothy P. Janusz, pro se.

WUEST, Chief Justice.

Timothy P. Janusz (Janusz) was admitted to the practice of law in South Dakota on October 1, 1982. This original proceeding regards a disciplinary action brought against him under the provisions of SDCL 16–19–37 et seq. We order that Janusz be disbarred and revoke his license to practice law in this state.

On March 24, 1988, Janusz was indicted on a charge of offering or selling a franchise without an effective registration statement on file, in violation of SDCL 37–5A–6.[1] Janusz, in concert with others, started a business called "The Popcorn Man." Although Janusz applied to the Division of Securities (Division) for a license to sell franchises, he failed to complete the application properly. He also failed to provide the Division with the required documents. The Division subsequently denied licensure and requested his complying with the application and documentation requirements. Before a license could be granted by the Division, however, Janusz sold two or three franchises for several thousand dollars.

When the Division learned of the franchise sales, it asked Janusz to rescind the franchise agreements and refund the monies paid for them. Janusz was also given an opportunity to reapply for a license. He agreed to rescind the agreements, but never followed through on his promise. After again advising him to stop selling franchises, the Division issued a cease and desist order pursuant to SDCL 37–5A–66. The

---

1. Under SDCL 37–5A–6, "[n]o person may offer or sell any franchise in this state unless there is an effective registration statement on file in accordance with the provisions of this chapter or unless the franchise or transaction is exempted under §§ 37–5A–11 to 37–5A–14, inclusive."

Division, pursuant to SDCL 37–5A–76, subsequently caused Janusz to be charged with violating SDCL 37–5A–6, a Class 6 felony.[2]

Janusz pleaded guilty to the charge. The imposition of a sentence was suspended under the provisions of SDCL 23A–27–13 and he was placed on probation for a period of two years.

On October 5, 1988, this court suspended Janusz from the practice of law pursuant to the provisions of SDCL 16–19–37.[3] The matter was referred to the Disciplinary Board of the State Bar of South Dakota (Board) for a report and recommendation on the extent of the final discipline to be imposed on Janusz as the result of his conviction of a serious crime.[4]

A second matter involving Janusz was also investigated by the Board. This matter arose from a complaint filed with the Board by one of Janusz' clients on January 11, 1988. The complaint alleged that his representation of the client in a bankruptcy proceeding was neither competent nor carried out with reasonable diligence. Further allegations of misconduct were made regarding the fees charged to the client and Janusz' expending monies which were to be held in trust. Upon receiving the complaint, the Board notified Janusz and requested that he respond to the complaint within ten days. Janusz failed to respond within the allotted time. The Board again notified him, requesting an immediate response to the complaint. Thereafter, Janusz responded, but the Board found his response to be inadequate. The Board then ordered him to appear at a hearing, the purpose of which was to consider the complaint as well as his failing to respond to the Board in a timely manner. This hearing was scheduled to be held on September 8, 1988. Janusz did not appear at the hearing and offered no explanation for his failing to do so. The Board then moved this court for an order to show cause. We granted the Board's motion, ordering Janusz to show cause as to why he should not be disciplined for his failing to respond adequately or appear in connection with the complaint. After Janusz failed to respond to the order, the matter was referred to the Board.

On December 19, 1988, the Board entered reports on both matters and recommended that Janusz be disbarred. Upon receiving notice of the Board's recommendation, Janusz wrote the Clerk of the South Dakota Supreme Court, stating:

> This letter is in response to the recommendation issued by the Disciplinary Board concerning the above referenced matter. I have not taken the actions of the Board lightly[;] however[,] based upon the Supreme Court's position taken on several cases similar to this[,] it is unlikely that it will reach any other conclusion than that of disbarment. Therefore, I am willing to voluntarily resign from the Bar as I am not nor do I ever anticipate practicing law in the state of South Dakota or in any other jurisdiction. In any event[,] I would like this matter concluded as soon as practical.

Thereafter, we set the matters for hearing before this court on March 22, 1989. Janusz made no appearance in opposition at the hearing.

---

2. The maximum penalty for a Class 6 felony is two years imprisonment in the state penitentiary, a $2000 fine, or both. SDCL 22–6–1(8).

3. SDCL 16–19–37 provides, in pertinent part:
   If any attorney has been convicted of a serious crime as defined in § 16–19–36, the Supreme Court shall enter an order immediately suspending the attorney, whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial or otherwise, and regardless of the pendency of an appeal, pending final disposition of a disciplinary proceeding to be commenced upon such conviction.

4. The matter was referred to the Board pursuant to SDCL 16–19–39, which provides:
   Upon the receipt of a certificate of conviction of an attorney for a serious crime, the Supreme Court shall, in addition to suspending him in accordance with the provisions of § 16–19–37, also refer the matter to the board or the attorney general for the institution of a formal proceeding in which the sole issue to be determined shall be the extent of the final discipline to be imposed, provided that the disciplinary proceeding so instituted will not be brought to hearing until all appeals from the conviction are concluded.

Janusz has been convicted of a felony which constitutes a serious crime under SDCL 16–19–36.[5] "Conviction of a serious crime, and the willful violation of any by-law, rule, or regulation which is adopted by the State Bar and approved by the Supreme Court, are forms of misconduct which will support disciplinary proceedings." *Matter of Discipline of Reutter,* 379 N.W.2d 315, 316 (S.D.1985). *See also Matter of Discipline of Moeckly,* 401 N.W. 2d 537 (S.D.1987); *Matter of Looby,* 297 N.W.2d 487 (S.D.1980). As we have acknowledged in previous situations, the nature of which was similar to this one,

> the purpose of disciplinary proceedings is not to punish but to remove from the profession those attorneys whose misconduct has proved them unfit to be entrusted with duties and responsibilities belonging to the office of an attorney so that the public may be protected from further wrongdoing. Disbarment is warranted when it is clear that the protection of society requires such action or where the maintenance of respect for courts and judges or the respectability of the legal profession itself demands such action.

*Matter of Discipline of Crabb,* 416 N.W.2d 258, 259 (S.D.1987) (*quoting In Matter of Walker,* 254 N.W.2d 452, 455 (S.D.1977) (citations omitted)).

We believe disbarment is appropriate in the present case. Janusz' disregard of the clear language contained in SDCL ch. 37–5A and the statutory provisions therein adversely reflects on his integrity, competence, and fitness to practice law. In addition, we are disturbed by Janusz' failing to respond to the Board in regard to the complaint lodged against him. We consider such conduct to be serious (*see Matter of Discipline of Kintz,* 315 N.W.2d 328 (S.D. 1982); *In re Rude,* 88 S.D. 416, 221 N.W.2d 43 (1974)) and find it inexcusable as well as a further indication of Janusz' lack of fitness to practice law.

Accordingly, we adopt the recommendation of the Board and enter an order disbarring Timothy P. Janusz, revoking his license to practice law, and striking his name from the Clerk's roll of attorneys.

All the Justices concur.

---

**5.** SDCL 16–19–36 provides, in pertinent part: The term "serious crime" shall include any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime, involves improper conduct as an attorney, inter-ference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or a conspiracy or solicitation of another to commit a serious crime.