### In the Matter of the DISCIPLINE OF Fredric F. HENDRICKSON, as an Attorney at Law.

#### No. 16278.

Supreme Court of South Dakota.

Argued Feb. 12, 1990.

Decided May 23, 1990.

Rehearing Denied June 28, 1990.

R. James Zieser, Tyndall, for Disciplinary Bd.

Fredric F. Hendrickson, Sioux Falls, pro se.

MORGAN, Justice.

This is a disciplinary proceeding under the provisions of SDCL ch. 16–19 against Fredric F. Hendrickson (Hendrickson), a member of the State Bar of South Dakota (Bar). Hendrickson was admitted to practice before the Bar of this state on August 16, 1962. In addition to engaging in the private practice of law, Hendrickson entered into various entrepreneurial ventures, eventually involving himself in American Energy Farming Systems, Inc. (AEFS), the corporation he used to swindle thousands of dollars from South Dakota and Minnesota farmers. While an officer of AEFS, Hendrickson was charged in the Fifth Judicial District Court, Lyon County, Minnesota, with the offenses of conspiracy to commit theft by swindle and theft by swindle.[1] A jury convicted him of theft by swindle in excess of $2,500 and acquitted him of conspiracy to commit theft by swindle on March 11, 1988. The offense of theft by swindle constitutes a serious crime within the definition of SDCL 16–19–36.[2]

1. MSA 609.52, Subd. 2(4) provides in pertinent part: "Whoever does any of the following commits theft and may be sentenced as provided in subdivision 3: ... (4) by swindling, whether by artifice, trick, device, or any other means obtains property or services from another person."

2. SDCL 16–19–36 provides in pertinent part:

The term 'serious crime' shall include any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime, involves improper conduct as an attorney, interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extor-

Upon notification of the conviction this court, pursuant to SDCL 16–19–37,[3] suspended Hendrickson's license to practice and referred the matter to the Disciplinary Board for formal proceedings pursuant to SDCL 16–19–39.[4] After the Disciplinary Board filed its findings and recommendation and Hendrickson filed his answer, through counsel, and exhausted his appellate remedies,[5] the matter was brought on for formal hearing before this court. Under the provisions of SDCL 16–19–39, the sole issue to be determined is the extent of the final discipline to be imposed.

Under SDCL 16–19–35, we are authorized to discipline attorneys with sanctions ranging from disbarment to public censure. The Disciplinary Board has recommended disbarment.

The facts surrounding Hendrickson's conviction point out why this was considered a "serious crime" under SDCL 16–19–36. Hendrickson, through his corporation, swindled investors who purchased seed of Jerusalem artichokes by promising that half of the money that they paid into the corporation for the seeds would be placed in escrow to fund the corporation's contract to buy back the artichoke crop raised from the seed. The escrow account was never established. Hendrickson took in almost 12 million dollars before he filed for bankruptcy. He was ultimately convicted of diverting $375,000 from AEFS and its contract growers.

At oral arguments, Hendrickson offered no explanation or mitigation for his actions. He expressed no remorse for the farmers who lost thousands of dollars through his swindle. Instead, with a pyramid of Jerusalem artichokes stacked as props at his side, he spent much of his oral argument extolling the virtues of the Jerusalem artichoke and expanding on his vision of solar greenhouses heated by artesian wells as a means to revitalize the South Dakota farm economy; in short, the same sort of pitch that he used to separate his investors from their money.

*In Matter of Discipline of Stanton*, 446 N.W.2d 33 (S.D.1989), we once again set out the purpose of disciplinary proceedings.

The purpose of disciplinary proceedings is not to punish but to remove from the profession those attorneys whose misconduct has proved them unfit to be entrusted with duties and responsibilities belonging to the office of an attorney so that the public may be protected from further wrongdoing. Disbarment is warranted when it is clear that the protection of society requires such action or where the maintenance of respect for courts and judges or the respectability of the legal profession itself demands such action.

*Id.*, at 42 (citing *Matter of Discipline of Crabb*, 416 N.W.2d 258, 259 (S.D.1987); *Matter of Walker*, 254 N.W.2d 452 (S.D. 1977)).

The commission of "serious crimes" implicates the need to protect the public and the profession.

As officers of this court, attorneys are charged with the obedience of the laws

tion, misappropriation, theft, or an attempt or a conspiracy or solicitation of another to commit a serious crime.

**3.** SDCL 16–19–37 provides in pertinent part:

If any attorney has been convicted of a serious crime as defined in § 16–19–36, the Supreme Court shall enter an order immediately suspending the attorney, whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial or otherwise, and regardless of the pendency of an appeal, pending final disposition of a disciplinary proceeding to be commenced upon such conviction.

**4.** SDCL 16–19–39 states:

Upon the receipt of a certificate of conviction of an attorney for a serious crime, the Supreme Court shall, in addition to suspending him in accordance with the provisions of § 16–19–37, also refer the matter to the board or the attorney general for the institution of a formal proceeding in which the sole issue to be determined shall be the extent of the final discipline to be imposed, provided that a disciplinary proceeding so instituted will not be brought to hearing until all appeals from the conviction are concluded.

**5.** In an unpublished opinion, the Minnesota Court of Appeals affirmed Hendrickson's conviction on April 26, 1989. The Minnesota Supreme Court denied further review on July 12, 1989. On May 8, 1990, Hendrickson's federal habeas corpus petition was dismissed.

of this state and the United States. The intentional violation of those laws by those who are specially trained and knowledgeable of them is particularly unwarranted and constitutes a breach of the attorney's oath of office. Because of his position in society, even minor violations of law by a lawyer tend to lessen public confidence in the legal profession. Obedience of the law exemplifies respect for the law. To lawyers especially, respect for the law must be more than a platitude....

... To determine whether discipline other than disbarment would be appropriate, the circumstances surrounding the conviction will be considered, i.e., whether the conduct involved dishonesty, fraud, deceit, or misrepresentation; ... whether the conduct adversely reflects upon the attorney's integrity, competency, or fitness to practice law.

*Matter of Voorhees*, 294 N.W.2d 646, 647–48 (S.D.1980). *See also Matter of Looby*, 297 N.W.2d 487 (S.D.1980) (disbarment for false statements to financial institutions); *Matter of Weisensee*, 296 N.W.2d 717 (S.D. 1980) *cert. denied* 450 U.S. 1032, 101 S.Ct. 1743, 68 L.Ed.2d 227 (1981) (disbarment for conviction of attempting to dispose of mortgaged property).

Here, Hendrickson's conduct involved dishonesty, fraud, deceit and misrepresentation. The indictment he was convicted on details his actions:

Said defendant knowingly and intentionally during the period of December 20, 1982, to June 20, 1983, obtained from others by swindling property in excess of $2,500.00, to wit: by deliberate artifice or scheme including but not limited to the use of false promises or statements concerning use of investments and/or contract payments and the setting aside or escrow of said funds induced individuals to invest and/or contract with AEFS, Inc. for the purchase and sale of artichoke seed and thereafter diverted for personal use in excess of $375,000.00 from AEFS, Inc. and/or its contract growers.

These actions clearly discredit the legal profession and are the type of conduct from which we must protect the public. Hendrickson, portraying himself as someone who understands the current farm problems, asked that we not disbar him so he may continue to help farmers. While this is certainly a laudable desire, Hendrickson's "help" is not the kind of assistance farmers need.

Therefore, we adopt the recommendation of the Disciplinary Board and determine that a judgment shall forthwith be entered disbarring Fredric F. Hendrickson, revoking his license to practice, and striking his name from the Clerk's roll of attorneys. Finally, Hendrickson shall pay for all costs of this proceeding.

WUEST, C.J., HENDERSON and SABERS, JJ., and FOSHEIM, Retired Justice, concur.

FOSHEIM, Retired Justice, for MILLER, J., disqualified.