In the Matter of the DISCIPLINE OF Douglas R. BLEEKER, as an Attorney of Law.

No. 17137.

Supreme Court of South Dakota.

Argued Nov. 26, 1990.

Decided March 13, 1991.

R. James Zieser, Tyndall, for Disciplinary Bd.

Michael J. Schaffer of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for respondent.

BERNDT, Circuit Judge.

Complaints were filed with the Disciplinary Board of the State of South Dakota (Board) concerning attorney Douglas R. Bleeker's (Bleeker) conduct of the affairs of the Althen Estate and the Knickrehm Trust.

In the Althen Estate, Board found that Bleeker failed to keep proper records of its assets in violation of Disciplinary Rule 6–101 (Failing to Act Competently) of the Code of Professional Responsibility * and Rule 1.1 (Competence) of the South Dakota Rules of Professional Conduct (SDCL 16–18, Appx.); commingled client funds with those of his own and failed to keep the funds of his client's safe and identifiable in violation of Disciplinary Rule 9–102 (Preserving Identity of Funds and Property of a Client) and Rule 1.15 (Fees); and, was guilty of constructive fraud as found by Davison County's circuit court in violation of Disciplinary Rule 1–102(A)(4) (Misconduct involving dishonesty, fraud, deceit, or misrepresentation) and Rule 8.4(c).

In the Knickrehm Trust, Board found that Bleeker failed to keep proper records of the assets in violation of Disciplinary Rule 6–101 and Rule 1.1.

Following the institution of formal disciplinary proceedings this court appointed a referee who submitted detailed findings of fact which supported those of Board. The referee also adopted Board's recommendations. Bleeker, who acceded to Board's findings and recommendations, did not take exception to the referee's recommendations.

We adopt the referee's findings, conclusions and recommendations and order the following sanctions:

1. That Bleeker be suspended from the practice of law for a term of six months.
2. That Bleeker cease doing any investing for anyone other than his immediate family from this day forward so long as he is licensed to practice law in South Dakota.
3. That Bleeker's present trust company clients be zeroed out, and an accounting be submitted to each client with the client's written approval of the accounting subsequently submitted to the Disciplinary Board with copies to the Supreme Court showing that this matter has been completed and that the clients are satisfied. Bleeker will not be reinstated until this requirement is met.
4. That Bleeker is prohibited from acting as a trustee either inter vivos or testamentary or as an executor except in a case of his immediate family so long as he is licensed to practice law in South Dakota.
5. That Bleeker secure and pay for an annual accounting of his regular clients' trust account by a certified public accountant with a written report submitted to the Disciplinary Board for the next five years.
6. That Bleeker refrain from acting as a financial or investment advisor except within his immediate family so long as he is licensed to practice law in South Dakota.
7. That Bleeker reimburse the Disciplinary Board for the cost of the due process hearing transcript and court reporter and the expenses of the investigator.
8. That Bleeker be given 30 days to wind up business pursuant to SDCL 16–19–77.
9. That Bleeker comply with the notice provisions of SDCL 16–19–78 to 80.

MILLER, C.J., SABERS, J., and GROSSHANS, Circuit Judge, concur.

HENDERSON, J., concurs specially.

BERNDT, Circuit Judge, for WUEST, J., disqualified.

GROSSHANS, Circuit Judge, for MORGAN, Retired Justice, disqualified.

AMUNDSON, J., not having been a member of the Court at the time this action

---

* On December 15, 1987, this court, by order, approved the repeal of the Code of Professional Responsibility and its reenactment as the South Dakota Rules of Professional Conduct.

was submitted to the Court, did not participate.

HENDERSON, Justice (specially concurring).

Although I agree with the ultimate discipline in this case, I specially concur for the reason that there are no South Dakota citations by way of Supreme Court decisions set forth herein. Therefore, a reliance upon settled authority in this Court is open for question. In my opinion, this should not be.

This is an important case to the lawyers and public of this state.

By way of decisional law, I refer to the case of *Matter of Discipline of Dana*, 415 N.W.2d 818 (S.D.1987). In *Dana*, "Neither Board nor Dana dispute the findings as enumerated by the referee. Therefore, we adopt such findings." *Dana*, at 822. Similarly, Bleeker has acceded to all of these findings and proposed recommendations by the referee. Note that he has agreed to the *recommendations* entered by the referee, Circuit Judge Steele. Thus he has actually admitted to (a) keeping improper records; (b) commingling funds; (c) that he committed constructive fraud; and (d) failed to keep his clients' funds safely and identifiable. Therefore, this Court tacitly adopts these findings. Do not confuse findings with recommendations. We are not bound by the referee's recommendations, however, but do give them great weight in our considerations. *In re Hopp*, 376 N.W.2d 816 (S.D.1985). Under SDCL 16–19–20, the Supreme Court has the inherent power to supervise the conduct of attorneys. Under SDCL 16–19–22, the Supreme Court has the exclusive power to disbar or suspend attorneys. *In the Matter of Discipline of Willis*, 371 N.W.2d 794 (S.D.1985).

In the present case, this Court has, unmistakably, given its stamp of disapproval to the unethical conduct of Attorney Bleeker. Conditions imposed upon his law practice, when he begins to practice again, are such that his conduct will be closely monitored by the highest court of this state. Furthermore, I am convinced that his wrongdoing, under the conditions imposed, will bring economic satisfaction to those aggrieved by his misconduct. Additionally, Bleeker has additional restraints imposed upon his law practice. The ultimate concern must be the protection of the public from further wrongdoing by the lawyer. Therefore, we must bear in mind the effect of the disciplinary proceeding on the accused lawyer. *In the Matter of the Discipline of Rensch*, 333 N.W.2d 713 (S.D. 1983).